Jacob E. WARREN

v.

AMERICAN HOLDING COMPANY d/b/a Wilson Sporting Goods, and Lumbermens Mutual Casualty Company.

Supreme Court of Tennessee, at Nashville.

Nov. 12, 1999.

Bryan Essary, Nashville, Tennessee, for the appellant, American Holding Company d/b/a Wilson Sporting Goods, and Lumbermens Mutual Casualty Company.

Ronald Thurman, Cookeville, Tennessee, for the appellee, Jacob E. Warren.

## OPINION

TOM E. GRAY, SP.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, J., and SAMUEL L. LEWIS, SP.J., joined.

This Workers' Compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50–6–225(e)(3) for a hearing and reporting of finding of fact and conclusions of law to the Supreme Court. The sole issue on appeal is whether the trial court's award of 400 weeks of permanent total disability benefits is contrary to Tenn.Code Ann. § 50–6–207(4)(A)(i), which cuts off permanent total benefits when the worker reaches 65 years of age provided the compensable injury occurred before the worker reached age 60. We hold that the trial court's award of 400 weeks exceeds the number of weeks payable under Tenn.Code Ann. § 50–6–207(4)(A)(i). For the reasons set forth below, the judgment of the trial court is modified to reflect an award of 195 weeks of permanent total disability benefits.

On the 11th day of March, 1993, Jacob E. Warren, employee, suffered a compensable, work-related injury to his back arising out of and in the course and scope of his employment with American Holding Company, defendant. Plaintiff settled this claim for benefits under the provisions of Tenn.Code Ann. § 50–6–241(a)(i) of the Workers' Compensation Act. He was awarded 12.5 percent permanent partial disability to the body as a whole on the 16th day of June, 1994.

When the plaintiff injured his back on the 11th day of March, 1993 he was 57 years of age. He was born on the 4th day of November, 1935.

Jacob E. Warren continued working for American Holding Company for approximately four years after his injury on the 11th day of March, 1993. His back condition became increasingly worse, and he was permanently laid off on the 14th day of February, 1997, at the age of 61. After being permanently laid off, Jacob E. Warren filed a complaint under Tenn.Code Ann. § 50–6–241(a)(2) seeking a reconsideration of the June, 1994, settlement of 12.5 percent permanent partial disability to the body as a whole.[1] The employee asserted that he was entitled to a reconsideration of his vocational disability due to the deterioration of his back condition and the medical restrictions placed on his work-related activities.

The parties presented no evidence at trial but instead stipulated to the facts described above. It was also stipulated that the employee was totally and permanently disabled as of his last day of work on the 14th day of February, 1997. Based upon the stipulations of the parties, the trial court found that the employee was totally and permanently disabled as of the 14th day of February, 1997. It was also found by the trial court that the employee was 57 years of age when he was injured on the 11th day of March, 1993, and that he was 61 years of age when his injury rendered him permanent and totally disabled.[2] The trial court awarded the em-

---

**1.** Tenn.Code Ann. § 50–6–241(a)(2) provides in pertinent part: "[T]he courts may reconsider, upon the filing of a new cause of action, the issue of industrial disability. Such reconsideration shall examine all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition. Such reconsideration may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work. In enlarging a previous award, the court must give the employer credit for prior benefits paid to the employee in permanent partial disability benefits . . ."

**2.** The trial court's judgment reflects that the employee was 58.4 years of age when he was injured on March 11, 1993. The parties agree that this was a mistake and that the

ployee 400 weeks of permanent total benefits and gave the employer credit for the number of weeks previously paid in permanent partial disability benefits and in temporary total disability benefits which resulted in a net award of 315 weeks of permanent total benefits. This appeal followed.

## DISCUSSION

The only question before us is whether the trial court's award of 400 weeks of permanent total benefits exceeds the amount of benefits recoverable under Tenn.Code Ann. § 50–6–207(4)(A)(i). That statute provides that awards of permanent total disability

shall be paid during the period of the permanent total disability until the employee reaches sixty-five (65) years of age; provided, that with respect to disabilities resulting from injuries which occur after 60 years of age, regardless of the age of the employee, permanent total disability benefits are payable for a period of two hundred sixty (260) weeks.

The employee maintains that Tenn.Code Ann. § 50–6–207(4)(A)(i) is inapplicable because he had not reached age 60 when he was injured on March 11, 1993. Rather, the employee maintains that because his case was filed under Tenn.Code Ann. § 50–6–241(a)(2), which permits reconsideration of a prior award of permanent partial disability benefits, he is entitled to 400 weeks of benefits less the number of weeks previously paid by the employer, resulting in a net award of 315 weeks of benefits. The employee's assertion that he

is entitled to 400 weeks of benefits is also based on Tenn.Code Ann. § 50–6–242, which permits awards of permanent partial disability of up to 400 weeks when the employee meets the criteria of the statute.[3]

The issue in this appeal, which is one of first impression, is a question of law involving statutory interpretation. Accordingly, our review is de novo with no presumption of correctness given the lower court's judgment. *Spencer v. Towson Moving & Storage, Inc.* 922 S.W.2d 508, 509 (Tenn.1996). In resolving the issue in this appeal, we are guided by the general rules of statutory construction. The role of this Court in construing statutes is to ascertain and give effect to legislative intent. *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn.1995). Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. *Carson Creek Resorts v. Dep't of Revenue,* 865 S.W.2d 1, 2 (Tenn.1993). If the legislative intent is expressed in a manner devoid of contradiction and ambiguity, we are not at liberty to depart from the words of the statute. *Id.* Where the language contained within the statute is plain, clear, and unambiguous, the duty of the courts is to obey it. *Id.*

With these principles in mind, we reject the employee's contention that he is entitled to 400 weeks of permanent total benefits. The problem with the employee's position is that his award of perma-

---

employee was 57 years of age when he was injured.

**3.** Tenn.Code Ann. § 50–6–242 provides as follows: "[T]he trial judge may award employees permanent partial disability benefits, not to exceed four hundred (400) weeks, in appropriate cases where permanent medical impairment is found and the employee is eligible to receive the maximum disability award under § 50–6–241(a)(2) or (b). In such cases the court, on the date of maximum medical improvement, must make a specific documented finding, supported by clear and con-

vincing evidence, of at least three (3) of the following four (4) items:(1) The employee lacks a high school diploma or general equivalency diploma or the employee cannot read or write on a grade eight (8) level; (2) The employee is fifty-five (55) years of age or older; (3) the employee has no reasonably transferable job skills from prior vocational background and training; and (4) The employee has no reasonable employment opportunities available locally considering the employee's permanent medical condition."

nent partial disability was enlarged to an award of permanent total disability. Thus, he does not fall within the 400 week provision of Tenn.Code Ann. § 50–6–242 because the statute provides for awards of "permanent **partial** disability benefits, not to exceed four hundred (400) weeks." (Emphasis added). Accordingly, Tenn. Code Ann. § 50–6–242 is inapplicable under its own terms.

■ Moreover, the employee is not entitled to 400 weeks of benefits merely because he seeks to reopen a prior award involving permanent partial disability. Instead, the employee's case is controlled by the portion of Tenn.Code Ann. § 50–6–207(4)(A)(i) providing that awards of permanent total disability "shall be paid during the period of such permanent total disability until the employee reaches the age of sixty-five (65)." Under this statutory provision, the employee is entitled to 195 weeks of permanent total disability, which represents the number of weeks between his last date of employment (February 14, 1997) and his 65th birthday. Had the employee's injury occurred after he turned 60, he would have been entitled to permanent total disability benefits payable for 260 weeks. Tenn.Code Ann. § 50–6–207(4)(A)(i). As it was, however, he was 57 when he was injured. Therefore, his award of permanent total disability "shall be paid during the period of such permanent total disability until the employee reaches the age of sixty-five (65)." Tenn. Code Ann. § 50–6–207(4)(A)(i).

## CONCLUSION

For the foregoing reasons, we hold that although the trial court was correct in enlarging the employee's previous award of permanent partial disability to an award of permanent total disability, the trial court erred in awarding 400 weeks of benefits. For the reasons explained above, the judgment of the trial court is modified to reflect an award of 195 weeks of benefits. Costs of this appeal are taxed to the defendants, for which execution may issue if necessary.