# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 7, 2004 Session

## JAMES GALLOWAY v. LIBERTY MUTUAL INSURANCE COMPANY

**Appeal from the Chancery Court for Dyer County**
**No. 99C204      J. Steven Stafford, Chancellor**

---

**No. W2003-01628-SC-R3-CV - Filed June 28, 2004**

---

We granted review in this workers' compensation appeal to determine whether an employee who was less than age 60 on the date of injury, but who reached maximum medical improvement and permanent total disability status after age 60, is entitled to a minimum of 260 weeks of benefits under Tennessee Code Annotated section 50-6-207(4)(A)(i) (Supp. 2003). The Chancellor determined that because the employee was less than 60 years of age when the injury occurred, he was entitled to permanent total disability benefits for only 232 weeks until he was eligible for full benefits under the Social Security Act. The employee's appeal was transferred to the full Supreme Court prior to the Special Workers' Compensation Appeals Panel hearing argument and issuing its decision. After reviewing the record and applicable authority, we conclude that the Chancellor properly construed the statute in awarding the employee 232 weeks of permanent total disability benefits pursuant to Tennessee Code Annotated section 50-6-207(4)(A)(i). We therefore affirm the Chancellor's judgment.

**Tenn. Code Ann. 50-6-225(e)(3); Judgment of the Chancery Court Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Jeffrey P. Boyd, Jackson, Tennessee, for the Appellant, James Galloway.

Catherine B. Clayton, Jackson, Tennessee, for the Appellee, Liberty Mutual Insurance Company.

### OPINION

### Background

The employee, James Galloway ("Galloway"), suffered serious injuries to his leg, shoulder and back in the course and scope of his employment with his employer, L.G. Barcus & Sons, Inc. Galloway filed a workers' compensation claim against Liberty Mutual Insurance Company ("Liberty"), the worker's compensation insurance carrier for his employer. The material facts are stipulated by the parties and are summarized below.

On March 14, 1999, Galloway, a construction worker for L.G. Barcus & Sons, Inc., suffered serious injuries in the course and scope of his employment when a crane operator dropped a machine on him. At that time, Galloway, born on February 4, 1941, was 58 years old. Galloway received treatment for his injuries for a period of over three years until he reached maximum medical improvement on April 15, 2002. At the date of maximum medical improvement, Galloway was 61 years old, and the parties agree he was permanently and totally disabled.

The Chancellor conducted a non-jury trial where the sole issue was the number of weeks of permanent total disability benefits to which Galloway was entitled. Galloway argued that he was entitled to 260 weeks pursuant to Tennessee Code Annotated section 50-6-207(4)(A)(i) (Supp. 2003), which provides for a minimum of 260 weeks of permanent total workers' compensation benefits in cases involving "disabilities resulting from injuries which occur after 60 years of age[.]" Id. Liberty argued that under the same statute, Galloway was entitled to benefits only until he was eligible for full Old Age Social Security benefits, which the parties agreed would occur on October 4, 2006.[1]

The Chancellor determined that Galloway was entitled to only 232 weeks of permanent total disability benefits because he was less than 60 years of age when the injury occurred. Galloway appealed to the Special Workers' Compensation Appeals Panel; however, the appeal was transferred to the full Supreme Court prior to the Special Workers' Compensation Appeals Panel hearing argument and issuing its decision.

## Standard of Review

Our standard of review of questions of fact in a workers' compensation appeal is de novo upon the record, with a presumption that the trial court's findings are correct unless the preponderance of evidence is otherwise. Perrin v. Gaylord Entertainment Co., 120 S.W.3d 823, 825-26 (Tenn. 2003); see also Tenn. Code Ann. § 50-6-225(e)(2) (Supp. 2003). Our standard of review of questions of law, such as statutory construction issues, are reviewed de novo without a presumption of correctness. Perrin, 120 S.W.3d at 826.

When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application. See Parks v. Tenn. Mun. League Risk Mgmt. Pool, 974 S.W.2d 677, 679 (Tenn. 1998). The court must examine the language of the statute and, if the language is unambiguous, apply the ordinary and plain meaning. Id. If the language of the statute is ambiguous, the court must examine the entire statutory scheme and the legislative history to ascertain and give effect to the legislative intent. Parks, 974 S.W.2d at 679.

---

[1] See 20 C.F.R. § 404.409 (2004) (stating that the date for full Old Age benefits for a person born in 1941 is 65 years, eight months).

The Workers' Compensation Law provides that it "shall be given an equitable construction by the courts, to the end that the objects and purposes of this chapter may be realized and attained." Tenn. Code Ann. § 50-6-207(4)(A)(i) (Supp. 2003). We have stated that, "these laws should be rationally but liberally construed to promote and adhere to the [statutes'] purposes of securing benefits to those workers who fall within its coverage." Martin v. Lear Corp., 90 S.W.3d 626, 629 (Tenn. 2002); Watt v. Lumbermens Mut. Cas. Ins. Co., 62 S.W.3d 123, 128 (Tenn. 2001) (quoting Lindsey v. Smith & Johnson, Inc., 601 S.W.2d 923, 926 (Tenn. 1980)).

**Analysis**

The employee, James Galloway, argues that he is entitled to a minimum of 260 weeks of permanent total disability benefits pursuant to Tennessee Code Annotated section 50-6-207(4)(A)(i). Although he concedes that his injury occurred before he was 60 years of age, he argues that the statute should be interpreted to provide 260 weeks of permanent total disability benefits from the date an employee reaches maximum medical improvement.

Liberty argues that the Chancellor correctly awarded permanent total disability benefits from the time of Galloway's permanent and total disability until he becomes eligible for full Old Age Social Security benefits on October 4, 2006, i.e., 232 weeks. Liberty argues that the plain language of Tennessee Code Annotated section 50-6-207(4)(A)(i) states that an employee's injury must occur after age 60 to receive the minimum 260 weeks of permanent total disability benefits.

We begin our analysis by examining Tennessee Code Annotated section 50-6-207(4)(A)(i) (Supp. 2003), which provides the following with respect to the payment of permanent total disability benefits:

> This compensation shall be paid during the period of the permanent total disability until the employee is, by age, eligible for full benefits in the Old Age Insurance Benefit Program under the Social Security Act; provided, that with respect to disabilities resulting from injuries which occur after 60 years of age, regardless of the age of the employee, permanent total disability benefits are payable for a period of two hundred sixty (260) weeks.

We observe that the language of Tennessee Code Annotated 50-6-207(4)(A)(i) is composed of two clauses separated by a semicolon. The parties agree that the first clause establishes that employees shall be paid permanent total workers' compensation benefits from the time of permanent total disability until they become eligible for full benefits in the Old Age Insurance Benefit Program under the Social Security Act. The parties also agree that the second clause creates an exception to the first clause for those employees age 60 or older who are nearing eligibility for full Old Age Social Security benefits when injured. The parties disagree, however, on how the statute is to be interpreted in defining the class of employees who are entitled to permanent total disability benefits beyond the date of eligibility for full benefits in the Old Age Insurance Benefit Program.

In our view, the relevant statutory language, i.e., "disabilities resulting from injuries which occur after 60 years of age," is unambiguous. The plain and ordinary meaning encompasses only disabilities resulting from injuries that are sustained by an employee "after 60 years of age."

Although Galloway argues that the language should be interpreted to mean disabilities which occur after 60 years of age, even if the injury occurs before age 60, such an interpretation is contrary to the plain and ordinary meaning of the language of the statute. Instead, the statutory language allows permanent total disability benefits to continue beyond the date of eligibility for full benefits in the Old Age Insurance Benefit Program only for those "disabilities resulting from injuries which occur after 60 years of age." Similarly, Galloway's argument that the legislative intent in enacting Tennessee Code Annotated section 50-6-207(4)(A)(i) was to grant injured employees a minimum of five years of permanent total disability benefits is not supported by the plain and ordinary meaning of the statute. Indeed, had the legislature intended that interpretation, it would have used more explicit statutory language.

Our interpretation of the statute is consistent with a number of our earlier cases that have decided that the date of an employee's injury is the determining factor. See Tucker v. Foamex, L.P., 31 S.W.3d 241, 243-44 (Tenn. 2000). Although Tucker involved a claim for permanent partial disability benefits rather than permanent total disability benefits, we observed that "the law is settled that awards for permanent partial disability to the body as a whole and awards for permanent total disability are controlled by Tenn. Code Ann. § 50-6-207(4)(A)(i) when the employee is over the age of 60 when the injury occurs." Id. (emphasis added) (citing McCoy v. T.T.C. Ill., Inc., 14 S.W.3d 734, 736-37 (Tenn. 2000); Smith v. U.S. Pipe & Foundry Co., 14 S.W.3d 739, 742-43 (Tenn. 2000); Vogel v. Wells Fargo Guard Servs., 937 S.W.2d 856, 862 (Tenn. 1996)).

The result we reach is also consistent with the analogous case of Warren v. American Holding Co., 20 S.W.3d 621 (Tenn. Workers' Comp. Panel 1999), an opinion involving remarkably similar facts to this case.

In Warren, an employee who was injured at age 57 settled a claim for permanent partial disability benefits and returned to work at age 58. At age 61, due to the injury sustained at age 57, the employee became unable to work and was laid off. When the employee sought payment of permanent total disability benefits, the trial court awarded the employee 400 weeks of permanent total disability benefits pursuant to Tennessee Code Annotated section 50-6-242 (1999), which authorized up to 400 weeks of permanent partial disability benefits. In holding that the trial court erred in granting benefits beyond when the employee would reach age 65, the court said:

> Had the employee's injury occurred after he turned 60, he would have been entitled to permanent total disability benefits payable for 260 weeks. Tenn. Code Ann. § 50-6-207(4)(A)(i). As it was, however, he was 57 when he was injured. Therefore, his award of permanent total disability "shall be paid during the period of such permanent

total disability until the employee reaches the age of sixty-five (65)."
Tenn. Code Ann. § 50-6-207(4)(A)(i) [(1999.)].[2]

*Warren*, 20 S.W.3d at 624. In short, the *Warren* panel held that Tennessee Code Annotated section 50-6-107(4)(A)(i) controlled an employee's eligibility for permanent total disability benefits for 260 weeks and that the determinative fact was whether the employee suffered the injury before age 60. Id.

In this case, Galloway suffered his injury at age 58. Upon reaching maximum medical improvement at age 62, Galloway's injury was reclassified to permanent total disability. Similar to the employee in *Warren*, who was classified permanently and totally disabled at age 61, Galloway's disability resulted from an injury suffered before age 60. As in *Warren*, we conclude that the date of injury controls eligibility for a minimum of 260 weeks of permanent total disability benefits pursuant to Tennessee Code Annotated section 50-6-107(4)(A)(i) (Supp. 2003).

## CONCLUSION

After reviewing the record and applicable authority, we conclude that the Chancellor properly construed the statute in awarding the employee 232 weeks of permanent total disability benefits pursuant to Tennessee Code Annotated section 50-6-207(4)(A)(i) (Supp. 2003) where the employee was injured before age 60 but reached maximum medical improvement and permanent total disability status after age 60. We therefore affirm the judgment. Costs of this appeal are taxed to the appellant, James Galloway, and his surety, for which execution shall issue if necessary.

E. RILEY ANDERSON, JUSTICE

---

[2] The statutory language in *Warren* is different from the current wording of the statute in that it sets age 65, rather than eligibility for full Old Age Social Security benefits, as the cut-off date for permanent total disability benefits. We do not find this change material, as the new statute merely acknowledges a change in the eligibility date for full Old Age Social Security benefits.