IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 8, 2004 Session

## JACKIE BOSTIC v. PAUL DALTON, ET AL.

**Appeal from the Chancery Court for Bradley County**
**No. 00-374      Jerri Saunders Bryant, Judge**

---

**No. E2002-01820-SC-WCM-CV - Filed January 7, 2005**

---

In this workers' compensation appeal, we must determine whether the appellee, a father who supervised the construction of his daughter's residence, is required to pay workers' compensation benefits to the appellant, the employee of a subcontractor who was injured during the construction of the residence. We hold that the father is an uncompensated agent of the owner and therefore falls within the owner's exemption of Tennessee Code Annotated section 50-6-113(f) (1999). Thus, we adopt the conclusions of the Special Workers' Compensation Appeals Panel affirming the judgment of the trial court.

**Tenn. Code Ann. § 50-6-225(e); Judgment of the Trial Court Affirmed.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., WILLIAM M. BARKER, J., and J.S. DANIEL, SP.J. joined. E. RILEY ANDERSON, J., not participating.

James Franklin Logan, Jr., Cleveland, Tennessee, for the Plaintiff-Appellant, Jackie Bostic.

Sheridan C. Randolph, Cleveland, Tennessee, for the Defendant-Appellees, Paul Dalton and Delicia L. Dalton.

### OPINION

In 1999, Delicia Dalton ("Ms. Dalton") authorized Paul Dalton ("Dalton"), her father, to assist her in the construction of a residence on property she owned. Dalton did not charge Ms. Dalton for his labor and did not receive any compensation. Dalton hired his nephew, Michael Evans ("Evans"), to frame Ms. Dalton's house. Evans, a subcontractor and owner of Ocoee Construction Company, employed the appellant, Jackie Bostic ("Bostic"), to assist in framing the house. As Bostic was working on the house, he fell from an unstable, eight-foot wall onto a "pile of 2x4s." As a result of the accident, Bostic fractured his tibia and fibula and suffered injuries to his left ankle and foot.

Bostic brought an action against Dalton and Ms. Dalton pursuant to the Tennessee Workers' Compensation Act. At the conclusion of the trial, the trial court denied Bostic relief, finding that Bostic was not an employee of Ms. Dalton. The trial court further found Dalton was not liable under the Workers' Compensation Act as "the statute imposing liability on contractors was not intended to apply to the circumstances which were presented in this case." The trial court noted that Dalton did not receive any compensation for his efforts, even though he obtained the necessary permits, supervised construction, and employed subcontractors.

The Special Workers' Compensation Appeals Panel affirmed the trial court's judgment holding that Ms. Dalton, as the owner, was exempt from the provisions of the Workers' Compensation Act pursuant to Tennessee Code Annotated section 50-6-113(f)(1) (1999). This finding was not appealed. The Panel further found that Dalton was his daughter's agent and thus was also exempt under section 50-6-113(f)(1). Bostic filed a motion for review of this issue pursuant to Tennessee Code Annotated section 50-6-225(e)(5)(B). We granted full Court review.

## ANALYSIS

Generally, an employee who is injured in an accident while in the course of employment is limited to recovering workers' compensation benefits from the employer. See, e.g., Tenn. Code Ann. § 50-6-103 (1999). Thus, coverage under the Tennessee Workers' Compensation Act primarily depends upon the existence of an employer-employee relationship. Murray v. Goodyear Tire & Rubber Co., 46 S.W.3d 171, 175 (Tenn. 2001). The legislature has extended this relationship to principal contractors, intermediate contractors, and subcontractors. See Tenn. Code Ann. § 50-6-113 (1999).

Pursuant to Tennessee Code Annotated section 50-6-113(a) (1999), "[a] principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal, intermediate contractor, or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer." Furthermore, the injury must have occurred "on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under the principal contractor's control or management." Tenn. Code Ann. § 50-6-113(d) (1999).

The Act essentially creates "statutory employers" when injured workers are otherwise unable to recover workers' compensation benefits from their immediate employers. Murray, 46 S.W.3d at 175. Pursuant to Tennessee Code Annotated section 50-6-113(a) (1999), a principal contractor is liable for uninsured work-related injuries sustained by its subcontractor's employees. See Brown v. Canterbury Corp., 844 S.W.2d 134, 137 (Tenn. 1992). This provision prevents employers from contracting out ordinary business activities in an effort to avoid workers' compensation liability. Stratton v. United Inter-Mountain Tel. Co., 695 S.W.2d 947, 951 (Tenn. 1985). This section further protects employees of uninsured subcontractors by imposing ultimate liability upon the "presumably responsible principal contractor." Brown, 844 S.W.2d at 136. The principal contractor can carefully choose subcontractors and insist upon appropriate workers' compensation coverage. Id.

In 1997, the legislature amended Tennessee Code Annotated section 50-6-113 by adding subsection (f), requiring any person engaged in the construction industry to carry workers' compensation insurance. See Tenn. Code Ann. § 50-6-113(f) (1997). At the time of Bostic's injury, the provision stated that:

> [A]ny person engaged in the construction industry, including principal contractors, intermediate contractors, or subcontractors, shall be required to carry workers' compensation insurance. . . . In addition, the provisions of this subsection shall not apply to any person building a dwelling or other structure, or performing maintenance, repairs, or making additions to structures, on the person's own property for the person's own use and for which the person receives no compensation.

Id. at (f)(1) (1999). "A person engaged in the construction industry" includes

> any person or entity who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, schedule, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor to install material or equipment for any building, . . . housing, . . . or any other construction undertaking.

Id. at (f)(3) (1999).

The determination of whether Dalton qualifies as a "person engaged in the construction industry" pursuant to Tennessee Code Annotated section 50-3-113(f) (1999) involves an issue of statutory construction. We review questions of law, including issues of statutory construction, de novo without a presumption of correctness. Perry v. Sentry Ins. Co., 938 S.W.2d 404, 406 (Tenn. 1996). When construing a statute, we must "ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application." Galloway v. Liberty Mut. Ins. Co., 137 S.W.3d 568, 570 (Tenn. 2004). If the language of the statute is unambiguous, we must apply its plain and ordinary meaning. Id. In interpreting workers' compensation laws, we must consider that "these laws should be rationally but liberally construed to promote and adhere to the Act's purposes of securing benefits to those workers who fall within its coverage." Lindsey v. Smith & Johnson, Inc., 601 S.W.2d 923, 925 (Tenn. 1980) (citation omitted).

The evidence presented at trial establishes that Dalton obtained and signed the necessary permits, chose and maintained communication with the subcontractors, supervised the plumbing activities, collected information on each laborer's hours, and gave general directions on the progression of construction. Pursuant to the clear and unambiguous language of the statute, Dalton qualifies as "a person engaged in the construction industry." See Tenn. Code Ann. § 50-6-113(f)(3) (1999).

Dalton, however, submits he is shielded from liability pursuant to section 50-6-113(f)(1), which provides an exemption to owners such as Ms. Dalton. To qualify under the ownership exemption, (1) the construction must be performed "on the person's own property for the person's own use," and (2) the person must not receive compensation. Tenn. Code Ann. § 50-6-113(f)(1) (1999). The undisputed evidence establishes that Dalton was not compensated for his efforts, thus satisfying the statute's second element. Therefore, we must determine whether Dalton meets the first element of the ownership exemption.

Dalton argues that he is the agent of Ms. Dalton and should be afforded the same protection under the Workers' Compensation Act. An agency "includes every relation in which one person acts for or represents another." White v. Revco Disc. Drug Ctrs., Inc., 33 S.W.3d 713, 723 (Tenn. 2000) (citation omitted). The existence of an agency relationship is not dependant upon a contract, an explicit agreement, or an understanding between the parties. Id. at 724. Rather, the existence of an agency relationship "'is a question of fact under the circumstances of a particular case'" based upon an examination of the agreements among the parties or of the parties' conduct. Id. (quoting McCay v. Mitchell, 463 S.W.2d 710, 715 (Tenn. Ct. App. 1970)).

Ms. Dalton is a person who was building a dwelling "on [her] own property for [her] own use." See Tenn. Code Ann. § 50-6-113(f)(1) (1999). To accomplish her purpose, she enlisted Dalton's help, delegated her authority to Dalton, and acquiesced in his decisions and actions during the construction of her residence. Dalton clearly was acting as Ms. Dalton's agent in overseeing the construction of her residence.

Although the definition of agency encompasses virtually any relationship between an owner and a principal contractor, we note that the ownership exemption requires that the agent not be compensated. Dalton was acting as an agent for a person, Ms. Dalton, who was building a structure on her own property for her own use. Neither the owner nor her agent received compensation. Therefore, Dalton satisfies the requirements of the ownership exemption provided in Tennessee Code Annotated section 50-6-113(f)(1) (1999) and is not subject to liability under the provisions of the Workers' Compensation Act.[1]

## CONCLUSION

We conclude that although Dalton is "a person engaged in the construction industry," he falls within the ownership exemption provided in Tennessee Code Annotated section 50-6-113(f)(1) (1999) and thus is not subject to the provisions of the Workers' Compensation Act. Accordingly, we adopt the conclusions of the Special Workers' Compensation Panel affirming the trial court's judgment.

---

[1] Dalton also contends that Bostic is a casual employee and thus is not entitled to workers' compensation benefits. However, because we have concluded that Dalton is exempt from the provisions of the Workers' Compensation Act, we need not reach this issue.

Costs of appeal are taxed to the appellee, Jackie Bostic and his surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE