**Mazzie BRADY, et al.**

v.

**Margaret Moore SMITH, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

April 6, 2001.

Permission to Appeal Denied by Supreme Court Sept. 17, 2001.

William E. Phillips, Rogersville, TN, for appellants, Mazzie Brady and Dora Penley.

Lee Dan Stone, III, Tazewell, TN, for appellees, Carolyn Ann Williams Werner and Donnie Williams.

Mark A. Skelton, Rogersville, TN, for appellees, Irene Seal Cluesman, Earl Seal, Austin Seal and Stanley Seal.

J. William Myers, Newport, TN, for appellee, Terry L. White.

## OPINION

SWINEY, J., delivered the opinion of the court, in which GODDARD, P.J., and SUSANO, J., joined.

In 1992, Brownie Seal ("Decedent") died intestate and having never been married. His estate was never administered. In 1996, two of Decedent's sisters, Mazzie Brady and Dora Penley ("Plaintiffs"), filed a complaint seeking a partition sale of real estate which Decedent partially owned. In 1998, Carolyn Ann Williams Werner and Donnie Williams filed a Petition to Intervene, claiming that Decedent was their biological father and requesting that the Trial Court adjudicate their paternity and their right to inherit from Decedent. In response, Plaintiffs asserted the defenses of statute of limitations and laches. After DNA testing was conducted, an Agreed Order was entered establishing that Decedent was the biological father of the Children. The Trial Court denied Plaintiffs' statute of limitations defense, holding that because Decedent's estate was never administered, the applicable statute of limitations was Tenn.Code Ann. § 28–3–110, which provides for a ten-year limitations period. Plaintiffs appeal. We Affirm.

### Background

This appeal involves the question of how long after their biological father's death do children born out of wedlock have to assert their right to inherit from him. In 1992, Decedent, who never married, died intestate. Decedent's estate was never administered. In April 1996, Plaintiffs filed a complaint seeking a partition sale of real property partially owned by Decedent. Plaintiffs' Complaint named as respondents various relatives of Decedent ("Re-

spondents") who also had ownership interests in the property at issue ("Property"). The Complaint also requested appointment of a guardian ad litem to represent "the unborn and unknown heirs of [Decedent].... "

In April 1997, the guardian ad litem filed an Answer and stated that he had been contacted by Carolyn Ann Williams Werner who claimed that Decedent was the biological father of her and her brother, Donnie Williams ("Children"). The Children are not minors. In September 1998, the Children filed an Intervening Petition requesting an adjudication of their paternity and their right to inherit from Decedent. Plaintiffs filed an answer to the Intervening Petition and raised the defenses of statute of limitations and laches.

Using Decedent's DNA, the Children established that Decedent was their biological father, and an Agreed Order so holding was entered. Thereafter, the Trial Court held a hearing on the Children's right to inherit from Decedent. The Trial Court held that the Children's right to inherit from Decedent was not barred by the statute of limitations or by laches. The Trial Court, in its well-reasoned Memorandum Opinion, held that because Decedent's estate was never administered, the statutes of limitations applicable to creditors' filing claims against an estate that is administered do not apply. Instead, the Trial Court held the applicable statute of limitations to be Tenn.Code Ann. § 28–3–110, which gave the Children ten years from Decedent's death to file their Intervening Petition. Plaintiffs appeal the Trial Court's denial of their statute of limitations defense.

### Discussion

■ Although not stated exactly as such, Plaintiffs contend on appeal that the Trial Court erred by holding that Tenn. Code Ann. § 28–3–110, which provides for a ten year limitations period, is the applicable statute of limitations, and, therefore, the Children timely asserted their right to inherit from Decedent. Plaintiffs argue that Tenn.Code Ann. § 30–2–306, § 30–2–307, and § 30–2–310 mandate that the Children's claim is barred as it was filed outside twelve (12) months from Decedent's date of death. Plaintiffs do not dispute the finding of paternity.

■ Since this matter involves the Trial Court's conclusions of law, we will conduct a *de novo* review with no presumption of correctness. *Ganzevoort v. Russell,* 949 S.W.2d 293, 296 (Tenn.1997).

Our Supreme Court held that "a child born out of wedlock may inherit from and through his father ... where paternity is established by clear and convincing proof and ... where rights of inheritance have not finally vested." *Allen v. Harvey,* 568 S.W.2d 829, 835 (Tenn.1978). A portion of the *Allen v. Harvey* rule was adopted by the state legislature in Tenn.Code Ann. § 31–2–105(a) which provides, in pertinent part, the following:

(2) [A] person born out of wedlock is a child of the ... father, if:

(B) The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof....

Tenn.Code Ann. § 31–2–105(a)(2)(B). This statute, however, does not "address the second limitation found in *Allen v. Harvey,* that 'rights of inheritance have not finally vested.'" *Bilbrey v. Smithers,* 937 S.W.2d 803, 806 (Tenn.1996) (quoting *Allen v. Harvey,* 568 S.W.2d at 835).

Our Supreme Court in *Bilbrey v. Smithers* addressed that issue and held:

[A] child born out of wedlock, whose paternity was not adjudicated prior to

the death of the father, can establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims against the estate and by establishing paternity by clear and convincing proof.

*Bilbrey v. Smithers,* 937 S.W.2d at 808. In rendering this holding, *Bilbrey* sought to accommodate both the interests of the state in "establishing an orderly method of disposition of intestate property" and the rights provided by the Equal Protection Clause of the United States Constitution to children born out of wedlock. *Id.* at 807–808 (citing *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977)).

Plaintiffs argue on appeal that under *Bilbrey,* the Trial Court erred in holding that the Children timely asserted their right to inherit from Decedent. Plaintiffs contend that the applicable limitations period is Tenn.Code Ann. § 30–2–306(a), which provides for a six-month (now four) limitations period in which creditors must assert their claims and which runs from the date that the notice of an estate's administration is first published. Plaintiffs also point to Tenn.Code Ann. § 30–2–307 and § 30–2–310, which they maintain provide an outer limit of twelve months from the date of death for creditors' filing of claims, regardless of whether the creditors received notice. Tenn.Code Ann. § 30–2–307(a)(1)(B); § 30–2–310(a). Plaintiffs contend that under these statutes, the Children, who filed their Petition to Intervene six years after Decedent's death, failed to assert timely their right to inherit from Decedent.

While we agree with Plaintiffs that the above-cited statutes provide certain limitation periods for creditors' assertion of claims against an estate, we do not agree

that these statutes prohibit as untimely the Children's assertion of their right to inherit from Decedent. This Court in *Estate of Divinny v. Wheeler Bonding Co.,* held that the creditor of Divinny who asserted a claim against the estate more than one year after death was not time-barred by Tenn.Code Ann. § 30–2–307 or § 30–2–310. *Estate of Divinny v. Wheeler Bonding Co.,* No. M1999–00678–COA–R3–CV, 2000 WL 337584, at *3 (Tenn.Ct.App. Mar.31, 2000), *perm. app. denied* Dec. 4, 2000. In *Divinny,* the decedent died intestate in March 1997, and his estate was not probated within twelve months from the date of death. *Id.,* at *1. In August 1998, one of the decedent's creditors petitioned the court to probate decedent's estate, and after receiving notice, the creditor timely filed its claim against the estate within the prescribed six-month time period. *Id.,* at *1–2. This Court held that the creditor was not barred by the twelve month limitations period found in Tenn. Code Ann. § 30–2–307 and § 30–2–310. *Id.,* at *3. In rendering its decision, this Court reasoned that if it interpreted the twelve-month statute of limitations as applying to all estates without regard to whether or not probate of the estate began within the twelve-month period, an estate could easily avoid the decedent's debt by delaying probate until a year had passed. *Id.* Accordingly, applying this Court's holding in *Divinny* and the rule expressed in *Bilbrey* to the facts and circumstances presented in the record, including the fact that Decedent's estate was never administered, we hold that the Children's claim to inherit from Decedent is not barred by any applicable statute of limitations.

We recognize that Tenn.Code Ann. § 30–2–306 was amended recently and that this amendment would lend support to Plaintiffs' argument that the Children had only twelve months from Decedent's death

to make their claim against the estate if the amendment was applicable to this case. The amendment added the following subsection:

(f) The requirement of subsection (a) shall not apply if the letters testamentary or of administration are issued more than one (1) year from the decedent's date of death.

Tenn.Code Ann. § 30–2–306(f). Subsection (a) requires notice be given to creditors of the qualification of the personal representative. Subsection (c) mandates the form of this notice which also notifies creditors of the four month claim period. Subsection (f), however, is not applicable to the Children's assertion of their right to inherit from Decedent since Decedent died well before the effective date of the amendment, June 17, 1999. Tenn.Code Ann. § 30–2–306(f). The partition suit was filed before that date as well. Likewise, the decedent in *Estate of Divinny v. Wheeler Bonding Co.*, died and suit was filed before this amendment took effect. *See Estate of Divinny*, 2000 WL 337584, at *1.

Accordingly, we hold that the Trial Court did not err in holding that the ten-year statute of limitations, Tenn.Code Ann. § 28–3–110, is applicable to the Children's claim and that the Children timely asserted their right to inherit from Decedent.

### CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellants, Mazzie Brady and Dora Penley, and their surety, if any.