IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MARCH 17, 2005 Session

## IN RE: ESTATE OF WILLIAM HUGH LUCK
## THOMAS BENTON LUCK, ET AL., EXECUTORS v. FDS/GOLDSMITH'S

**Direct Appeal from the Probate Court for Shelby County**
**No. C-8370     Donn Southern, Judge**

---

**No. W2004-01554-COA-R3-CV - Filed June 7, 2005**

---

Following the decedent's death, his estate was not admitted to probate until well over one year from the date of his death. A creditor filed a claim against the estate over twenty-one months after the decedent's date of death. The executors filed an exception to the creditor's claim arguing that it was barred since it was not filed within one year of the decedent's date of death. The probate court, relying on a previous decision rendered by this Court, held that the creditor's claim was not barred by the applicable statutes. After reviewing the applicable statutory language and the decisions rendered by this Court interpreting those statutes, we reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

David J. Waynick and Thomas B. Luck, Nashville, TN, for Appellants

No Appellees Brief filed

## OPINION

## I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 1, 2002, William H. Luck ("Decedent") died a resident of Memphis, Shelby County, Tennessee. After his death, three documents in Decedent's handwriting were discovered.[1] On August 14, 2003, William H. Luck, Jr. and Thomas B. Luck (hereinafter "Executors" or "Appellants"), Decedent's sons, filed a petition in the Probate Court of Shelby County seeking to admit the three documents into probate as Decedent's holographic will and codicils. That same day, the probate court entered an order admitting the documents into probate as the holographic will and codicils of Decedent, issued "Letters Testamentary" to Executors, and issued a "Notice to Creditors."

On October 17, 2003, FDS/Goldsmith's (hereinafter "Goldsmith's" or "Appellee") filed a claim against the estate in the amount of $751.32 representing an outstanding credit card balance owed by Decedent. Executors filed an exception to Goldsmith's claim alleging it was barred by section 30-2-307(a)(1)(B) of the Tennessee Code since it was not filed by January 1, 2003, or one year from the Decedent's date of death. The probate court subsequently entered an order denying Executor's exception and allowing Goldsmith's to proceed with its claim against the estate. In the order, the probate court stated:

> The decedent died on January 1, 2002. The estate was opened August 14, 2003 (over nineteen (19) months after date of death). The Notice to Creditors was likewise given on August 14, 2003 (over twenty-one (21) months after date of death). Goldsmith's filed this claim on October 17, 2003. Executors have argued that because the claim was not filed within one year of the date of death of the decedent, it is forever barred.
> This court has looked to Estate of Divinny v. Wheeler Bonding Co., No. M1999-00678-COA-R3-CV, 2000 WL 337584 (Tenn. Ct. App. Mar. 31, 2000). . . .
> . . . .
> In the case at bar, Goldsmith's filed its claim against the estate within four months after the opening of the estate, but over twelve months after the decedent's death. Therefore, under the authority of Estate of Divinny v. Wheeler Bonding Co., this court holds that

---

[1] The first document, dated January 11, 1999, is drafted on stationary from Decedent's law office and purports to be his will. The second document is also dated January 11, 1999, and purports to be a codicil. The third document, dated January 31, 2000, purports to be a second codicil.

Goldsmith's sufficiently complied with the statutory requirements for filing his [sic] claim against the estate.

It is therefore ordered that the exception is overruled and Goldsmith's claim against Decedent's estate is allowed.

Executors have appealed[2] the probate court's ruling to this Court and present the following issues for our review:[3]

(1) Whether section 30-2-307(a)(1)(B) and section 30-2-310(a) of the Tennessee Code should be interpreted to mean that, if the creditor receives no notice of the death of the debtor, a claim is barred unless filed within twelve (12) months from the decedent's death; and
(2) Whether this Court's decision in *Estate of Divinny v. Wheeler Bonding Company.*, No. M1999-00678-COA-R3-CV, 2000 Tenn. App. LEXIS 212 (Tenn. Ct. App. Mar. 31, 2000) should be applied to the case at bar.

For the reasons set forth more fully herein, we reverse the decision of the probate court.

## II.
### STANDARD OF REVIEW

The issues in this case present questions concerning the proper construction to be given to section 30-2-307(a)(1)(B) and section 30-2-310(a) of the Tennessee Code. "Construction of a statute is a question of law which we review *de novo*, with no presumption of correctness." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998); *see also Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

"[T]he polestar of statutory interpretation has always been the intent of the legislature." *Ellis v. Ellis*, 71 S.W.3d 705, 712 (Tenn. 2002); *see also In re Estate of Dobbins*, 987 S.W.2d 30, 34 (Tenn. Ct. App. 1998). "The court must examine the language of the statute and, if the language is unambiguous, apply the ordinary and plain meaning." *Galloway v. Liberty Mut. Ins. Co.*, 137 S.W.3d 568, 570 (Tenn. 2004) (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)). If the language selected by the legislature is clear and unambiguous, we will not force an interpretation which would limit or expand a statute beyond its express application. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004); *see also In re Estate of Soard*,

---

[2] Goldsmith's did not file a brief or otherwise respond to the appeal filed by Appellants in this matter. On January 19, 2005, this Court entered an Order giving Goldsmith's until February 4, 2005, to show cause why the matter should not be submitted for decision solely on the record, Appellant's brief, and Appellant's oral argument. After Goldsmith's failed to respond, this Court entered another Order on February 11, 2005, submitting the matter for resolution based on the record before the probate court, Appellant's brief, and Appellant's oral argument.

[3] For reasons which will become apparent *infra*, the statement of the issues in this opinion tracks the language used by the Appellants when setting forth the issues in their brief.

No. E2004-01434-COA-R3-CV, 2005 Tenn. App. LEXIS 128, at *14 (Tenn. Ct. App. Feb. 28, 2005). "If the language of the statute is ambiguous, the court must examine the entire statutory scheme and the legislative history to ascertain and give effect to the legislative intent." *Galloway*, 137 S.W.3d at 570 (citing *Parks*, 974 S.W.2d at 679).

Moreover, we cannot review a statute in a vacuum. "A statute should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 424 S.W.2d 193, 196 (Tenn. 1968); *see also In re Estate of Dobbins*, 987 S.W.2d at 34. "A construction will be avoided, if possible, that would render one section of the act repugnant to another." *Tenn. Elec. Power Co. v. City of Chattanooga*, 114 S.W.2d 441, 444 (Tenn. 1937).

### III.
#### LAW AND ANALYSIS

Ordinarily, within thirty (30) days after the letters testamentary have been issued to the personal representative of an estate, the clerk of the court in which the estate is being administered must issue a public notice of the personal representative's qualification regarding the estate. Tenn. Code Ann. § 30-2-306(a) (2003). Section 30-2-306(c) of the Tennessee Code mandates that the Notice to Creditors shall provide, in relevant part, that "[a]ll persons, resident or nonresident, having claims, matured or unmatured, against the estate are required to file the same with the clerk [of the court in which an estate is being administered] within four (4) months from the date of the first publication (or of the posting, as the case may be) of this notice, otherwise their claims will be forever barred." Tenn. Code Ann. § 30-2-306(c) (2003). Unless a creditor has already filed a claim against the estate, the personal representative is charged with the duty of providing "a copy of the published or posted notice as described in subsection (c) to all creditors of the decedent of whom the personal representative has actual knowledge or who are reasonably ascertainable by the personal representative, at such creditors' last known address." Tenn. Code Ann. § 30-2-306(e) (2003).

In 1999, the legislature amended section 30-2-306 of the Tennessee Code by adding subsection (f), which provides that "[t]he requirement of subsection (a) [governing the clerk's duty to issue a Notice to Creditors] shall not apply if the letters testamentary or of administration are issued more than one (1) year from the decedent's date of death." Tenn. Code Ann. § 30-2-306(f) (2003); 1999 Tenn. Pub. Acts ch. 491, § 5. In the instant case, Decedent died on January 1, 2002. The probate court issued the "Letters Testamentary" to Executors on August 14, 2003. The clerk issued the "Notice to Creditors" that same day providing that any creditors of Decedent's estate had four (4) months within which to submit their claims against the estate. As Appellants correctly note, since the "Letters Testamentary" were issued more than one (1) year from Decedent's date of death, they did not have to seek or provide a "Notice to Creditors" in the first instance. *See* Tenn. Code Ann. § 30-2-306(f) (2003).

During the proceedings below and again on appeal, Executors assert that, even though Goldsmith's filed its claim within four months of the issuance of the "Notice of Creditors," its claim

is still barred by section 30-2-307(a)(1)(B) and section 30-2-310(a) of the Tennessee Code since it was not filed within one (1) year of Decedent's date of death.

Section 30-2-307 of the Tennessee Code governs claims filed against an estate and provides that "[a]ll claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(c)." Tenn. Code Ann. § 30-2-307(a)(1) (2003). However, in section 30-2-307 of the Tennessee Code, the legislature created two exceptions to the four (4) month period set forth in section 30-2-306(c) of the Tennessee Code. *See Bowden v. Ward*, 27 S.W.3d 913, 918 (Tenn. 2000); *In re Estate of Burns*, No. W1999-01888-COA-R3-CV, 2001 Tenn. App. LEXIS 442, at *5 (Tenn. Ct. App. June 18, 2001). At issue in this case is the exception found in section 30-2-307(a)(1)(B) of the Tennessee Code which provides:

> If a creditor receives actual notice less than sixty (60) days before the date which is twelve (12) months from the decedent's date of death *or receives no notice*, such creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death.

Tenn. Code Ann. § 30-2-307(a)(1)(B) (2003) (emphasis added). Furthermore, section 30-2-310 of the Tennessee Code provides as follows:

> All claims and demands not filed with the probate court clerk, as required by the provisions of §§ 30-2-306 – 30-2-309, or if later, in which suit shall not have been brought or revived before the end of *twelve (12) months from the date of death of the decedent, shall be forever barred*.

Tenn. Code Ann. § 30-2-310(a) (2003) (emphasis added).

The record is devoid of any evidence indicating when, or even if, Goldsmith's received any form of notice regarding Decedent's death or a copy of the "Notice to Creditors." Goldsmith's claim does not state when or if they received notice, Executors' exception does not state when or if Goldsmith's got notice, and the probate court's order does not state when or if Goldsmiths received any notice. We gather from the manner in which Appellants framed their first issue, however, that Goldsmith's did not receive notice of Decedent's death or a copy of the "Notice to Creditors." Thus, since Goldsmith's did not receive any notice, section 30-2-307(a)(1)(B) of the Tennessee Code is applicable to its claim.[4]

---

[4] Perplexing as it may be that Goldsmith's was still able to file a claim against the estate, it is apparent, for reasons we explain more fully *infra*, that, even if Goldsmith's had received notice and the exception in section 30-2-307(a)(1)(B) were applicable for that reason, Goldsmith's claim would still be barred because it was not filed within one (1) year of the date of Decedent's death. Likewise, if the exception did not apply, section 30-2-310(a) of the Tennessee Code would still bar Goldsmith's claim.

The probate court relied on the decision rendered by this Court in *Estate of Divinny v. Wheeler Bonding Company Inc.*, No. M1999-00678-COA-R3-CV, 2000 Tenn. App. LEXIS 212 (Tenn. Ct. App. Mar. 31, 2000) to reach its decision that Goldsmith's claim was not barred by section 30-2-307(a)(1)(B) of the Tennessee Code.  In *Estate of Divinny*, the decedent died on March 10, 1997.  ***Estate of Divinny***, 2000 Tenn. App. LEXIS 212, at *2.  After no one came forward seeking to admit the decedent's estate into probate, a creditor[5] of the decedent filed a complaint on August 10, 1998, pursuant to section 30-1-301 of the Tennessee Code.[6]  ***Id***.  In January of 1999, the court appointed a personal representative for the decedent's estate, and by mid-January of 1999 she had obtained the Notice to Creditors required by section 30-2-306 of the Tennessee Code.[7]  ***Id***.  On January 29, 1999, the creditor filed its claim against the decedent's estate.  ***Id***.  Shortly thereafter, the personal representative filed an exception to the claim.  ***Id***. at *3.  Even though the creditor filed its claim within the period required by the Notice to Creditors, the probate court denied the creditor's claim as untimely filed.  ***Id***.

The creditor appealed and argued that, since it filed the claim within the time period required in the Notice to Creditors, section 30-2-307 and section 30-2-310 of the Tennessee Code did not bar its claim.  ***Id***. at 5.  The creditor also argued that, since the estate had not been opened within a year from the date of the decedent's death, it would have been impossible for the creditor to file a claim within the one (1) year period required by these statutes.  ***Id***.  In reversing the judgment of the probate court, this Court stated:

> From our reading of the relevant statutes, we are of the opinion that WBC followed the statutory requirements for filing its claim against Mr. Divinny's estate. WBC sought to have a personal representative appointed to administer Mr. Divinny's estate, since no

---

[5] In 1995, the decedent in *Estate of Divinny* entered into a contract with the creditor in which the creditor agreed to guarantee an appearance bond for a third party. ***Estate of Divinny***, 2000 Tenn. App. LEXIS 212, at *1. When the third party failed to appear in court, the creditor paid a forfeiture judgment and sought to recoup the amount from the decedent. ***Id***. at *2.

[6] Section 30-1-301 of the Tennessee Code provides:

> The chancery court of the county in which any person resided at the time of the decedent's death, or in which the decedent's estate, goods, and chattels or effects were at the time of the decedent's death, may appoint an administrator when six (6) months shall have elapsed from the death, and no person will apply or can be procured to administer on the decedent's estate.

Tenn. Code Ann. § 30-1-301 (2003).

[7] At the time of the decision by the lower court in *Estate of Divinny*, the legislature had not amended section 30-2-306 of the Tennessee Code to include subsection (f). ***See*** 1999 Tenn. Pub. Acts ch. 491, § 5; ***Estate of Divinny***, 2000 Tenn. App. LEXIS 212, at *3 (noting that the trial court conducted the hearing on May 12, 1999).  Therefore, even though subsection (f) was in effect at the time the case reached this Court, it did not control our decision in *Estate of Divinny*. ***See Brady v. Smith***, 56 S.W.3d 523, 527 (Tenn. Ct. App. 2001).

> one had come forward to do so. Once that personal representative published a notice to creditors, WBC filed its claim and then its amended claim within the prescribed six-month[8] period of time. As WBC notes in its brief, the emphasis in both Tennessee Code Annotated §§ 30-2-307 and 30-2-310 is on requiring creditors to file their claims against an estate within a six-month period of time.
>
> Ms. Mathes argues that allowing creditors to wait for more than one year after a decedent's death to come forward with claims against an estate would violate public policy. While we are mindful of Ms. Mathes's public policy argument, we are also aware that by construing the relevant statutes according to her reasoning, relatives of a decedent could avoid payment to a decedent's creditors by not seeking probate until a year had elapsed. We do not believe this is what our legislature intended.

*Id*. at *8.

In *Brady v. Smith*, 56 S.W.3d 523 (Tenn. Ct. App. 2001), this Court faced a similar factual dispute as the one addressed in *Estate of Divinny*. The decedent died in 1992, and his estate was never administered. *Brady*, 56 S.W.3d at 524. In April of 1996, the decedent's sisters filed a complaint seeking to partition and sell some of the decedent's real property. *Id*. In April of 1997, two individuals filed an answer to the complaint alleging they were the decedent's biological children. *Id*. at 525. In September of 1998, the children filed an intervening petition seeking an adjudication of their paternity and right to inherit from the decedent. *Id*. After DNA testing established that the decedent was indeed the biological father of the children, the trial court conducted a hearing and determined that, since the decedent's estate was never administered, the statutes of limitations applicable to a creditor's claim against an estate did not apply. *Id*. Instead, the trial court held that the ten-year statute of limitations found in section 28-3-110 of the Tennessee Code applied, therefore, the children's claim was not barred. *Id*.

The decedent's sisters filed an appeal to this Court arguing that sections 30-2-307 and 30-2-310 of the Tennessee Code barred the children's claims. *Id*. In affirming the trial court's ruling, we stated:

> While we agree with Plaintiffs that the above-cited statutes provide certain limitation periods for creditors' assertion of claims against an estate, we do not agree that these statutes prohibit as untimely the Children's assertion of their right to inherit from Decedent. This Court in *Estate of Divinny v. Wheeler Bonding Co.*, held that the creditor of Divinny who asserted a claim against the

---

[8] The legislature amended section 30-2-306(c) of the Tennessee Code in 1997 and changed the period from six (6) months to four (4) months. *See* 1997 Tenn. Pub. Acts ch. 426, § 5.

estate more than one year after death was not time-barred by Tenn. Code Ann. § 30-2-307 or § 30-2-310. *Estate of Divinny v. Wheeler Bonding Co.*, 2000 Tenn. App. LEXIS 212, No. M1999-00678-COA-R3-CV, 2000 WL 337584, at *3 (Tenn. Ct. App. Mar. 31, 2000), *perm. app. denied* Dec. 4, 2000. . . . Accordingly, applying this Court's holding in *Divinny* . . . we hold that the Children's claim to inherit from Decedent is not barred by any applicable statute of limitations.

*Id*. at 526. This Court went further, however, and noted the legislature's recent addition to section 30-2-306 of the Tennessee Code, stating:

> We recognize that Tenn. Code Ann. § 30-2-306 was amended recently and that this amendment *would lend support* to Plaintiffs' argument that the Children had only twelve months from Decedent's death to make their claim against the estate if the amendment was applicable to this case. The amendment added the following subsection:
>
> > (f) The requirement of subsection (a) shall not apply if the letters testamentary or of administration are issued more than one (1) year from the decedent's date of death.
>
> Tenn. Code Ann. § 30-2-306(f). Subsection (a) requires notice be given to creditors of the qualification of the personal representative. Subsection (c) mandates the form of this notice which also notifies creditors of the four month claim period. *Subsection (f), however, is not applicable to the Children's assertion of their right to inherit from Decedent since Decedent died well before the effective date of the amendment, June 17, 1999*. Tenn. Code Ann. § 30-2-306(f). The partition suit was filed before that date as well. Likewise, the decedent in *Estate of Divinny v. Wheeler Bonding Co.*, died and suit was filed before this amendment took effect. *See Estate of Divinny*, 2000 WL 337584, at *1.

*Id*. at 526–27 (emphasis added).

Most recently, in *Glanton v. Lord*, No. M2002-02363-COA-R3-CV, 2005 Tenn. App. LEXIS 96 (Tenn. Ct. App. Feb. 15, 2005), *perm. app. pending*, we were faced with an estate that was not submitted to probate within the year following the decedent's death. *Glanton*, 2005 Tenn. App. LEXIS 96, at *3. In ruling that the decedent's biological children were entitled to inherit from the decedent's estate, this Court stated:

-8-

The statutes of limitation applicable to creditors' claims - and thus to a non-marital child's claim of paternity and a corresponding right to inherit by intestate succession - do not begin to run until after a decedent's estate is submitted to probate and a statutory Notice to Creditors is published or posted. Tenn. Code Ann. §§ 30-2-306, 30-2-307, 30-2-310; *Brady v. Smith*, 56 S.W.3d 523, 526 (Tenn. Ct. App. 2001); *Estate of Divinny v. Wheeler Bonding Co.*, 2000 Tenn. App. LEXIS 212, No. M1999-00678-COA-R3-CV, 2000 WL 337584, at *2-3 (Tenn. Ct. App. Mar. 31, 2000), *perm. app. denied* (Tenn. Dec. 4, 2000). As a result, *until a probate estate is opened, neither creditors' claims nor assertions by non-marital children of a right to inherit by intestate succession are barred by the applicable statutes of limitation*. Moreover, under Tennessee law, there is no limit on the time for submitting an estate to probate. 1 JACK W. ROBINSON, SR. & JEFF MOBLEY, PRITCHARD ON THE LAW OF WILLS AND ADMINISTRATION OF ESTATES § 35, at 56 (5th ed. 1994); *In re Estate of Overton*, 1997 Tenn. App. LEXIS 345, 1997 WL 269473, at *1-2. *Thus, Grandfather Luther's estate could still be probated even at this late date, and creditors would then be able to file claims against the estate*. Accordingly, under *Bilbrey v. Smithers*, the claim of the Disputed Heirs to inherit from Grandfather Luther by intestate succession is not yet barred by any applicable statute of limitations.

*Id*. at *25–26 (emphasis added).

While we recognize the probate court's duty to follow the precedents set forth by this Court, *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976), our decision in *Estate of Divinny* and its progeny have misconstrued the statute of limitations applicable to a creditor's claim against an estate. The exception found in section 30-2-307(a)(1)(B) of the Tennessee Code expressly and unambiguously states that a "creditor's claim *shall be barred* unless filed within twelve (12) months from the decedent's date of death." *See* Tenn. Code Ann. § 30-2-307(a)(1) (2003) (emphasis added). Regarding section 30-2-307(a)(1)(B), our supreme court has stated:

> Tenn. Code Ann. § 30-2-307(a)(1)(B) provides for an *absolute* one year limit on the filing of claims against the estate, and this limitations period applies whether the creditor has received proper notice or no notice at all. Thus, [the creditor's] claim was *required* to be filed within a year of [the decedent's] death.

*In re Estate of Jenkins v. Guyton*, 912 S.W.2d 134, 138 n.3 (Tenn. 1995); *see also Bowden v. Ward*, 27 S.W.3d 913, 918–19 (Tenn. 2000); *In re Estate of Key v. Hamilton County Nursing*

-9-

*Home*, No. 03A01-9810-CH-00319, 1999 Tenn. App. LEXIS 201, at \*12–13 (Tenn. Ct. App. Mar. 24, 1999).

Moreover, to construe section 30-2-307(a)(1)(B) of the Tennessee Code to mean that, when an estate is not opened for more than a year after the decedent's death, a creditor may still file a claim when the estate is eventually opened would make that statute repugnant to other parts of Title 30, Chapter 2, Part 3. *See Tenn. Elec. Power Co. v. City of Chattanooga*, 114 S.W.2d 441, 444 (Tenn. 1937) ("A construction will be avoided, if possible, that would render one section of the act repugnant to another."). As we noted in *Brady*, the legislature amended section 30-2-306 of the Tennessee Code in 1999 by adding subsection (f) which provides that the personal representative of the estate is not required to provide the creditors of an estate with notice "if the letters testamentary or of administration are issued more than one (1) year from the decedent's date of death." Tenn. Code Ann. § 30-2-306(f) (2003); 1999 Tenn. Pub. Acts. ch. 491, § 5. Furthermore, section 30-2-310(a) of the Tennessee Code provides:

> *All claims* and demands not filed with the probate court clerk, as required by the provisions of §§ 30-2-306 — 30-2-309, or if later, in which suit shall not have been brought or revived *before the end of twelve (12) months from the date of death of the decedent*, *shall be forever barred.*

Tenn. Code Ann. § 30-2-310(a) (2003) (emphasis added);[9] *see also In re Estate of Cunningham*, No. M2001-01965-COA-R3-CV, 2002 Tenn. App. LEXIS 571, at \*6–7 (Tenn. Ct. App. Aug. 7, 2002); *In re Estate of Key*, 1999 Tenn. App. LEXIS 201, at \*12–13. If allowed to stand, our holding in *Estate of Divinny* and its progeny would render these provisions meaningless.

In *Glanton*, this Court, relying on our decisions in *Divinny* and *Brady*, held that "[t]he statutes of limitations applicable to creditors' claims . . . do not begin to run until after a decedent's estate is submitted to probate and a statutory Notice to Creditors is published or posted." *Glanton*, 2005 Tenn. App. LEXIS 96, at \*25. This statement is erroneous for two reasons. First, section 30-2-306(f) of the Tennessee Code expressly states that, if the letters testamentary are issued more than one (1) year after the decedent's date of death, the personal representative does not have to seek or provide a Notice to Creditors. *See* Tenn. Code Ann. § 30-2-306(f) (2003). Second, neither of the statutes at issue in this case provide that the time periods contained therein begin to run only when the estate is submitted to probate. *See* Tenn. Code Ann. §§ 30-2-307(a)(1)(B), 30-2-310 (2003). To the contrary, they expressly state, as our supreme court has previously noted, that a creditor's claim which is not filed within twelve (12) months *from the date of the decedent's death* is forever barred. *See In re Estate of Jenkins*, 912 S.W.2d at 138 n.3; *Bowden*, 27 S.W.3d at 918–19.

---

[9] Thus, even if section 30-2-307(a)(1)(B) of the Tennessee Code were inapplicable to Goldsmith's claim, it would still be subject to the one (1) year statute of limitations found in section 30-2-310 of the Tennessee Code and would be barred. *See In re Estate of Key*, 1999 Tenn. App. LEXIS 201, at \*11–12.

We are also mindful of the public policy concern raised in *Divinny* to the effect that "relatives of a decedent could avoid payment to a decedent's creditors by not seeking probate until a year had elapsed." **Estate of Divinny**, 2000 Tenn. App. LEXIS 212, at *8. However, this Court's concern in *Divinny* is not well founded. The legislature has afforded protection to a creditor faced with the dilemma of pursuing its claim against an estate that has yet to be administered. Section 30-1-301 of the Tennessee Code provides:

> The chancery court of the county in which any person resided at the time of the decedent's death, or in which the decedent's estate, goods, and chattels or effects were at the time of the decedent's death, may appoint an administrator when *six (6) months* shall have elapsed from the death, and *no person will apply or can be procured to administer on the decedent's estate*.

Tenn. Code Ann. § 30-1-301 (2003) (emphasis added); *see also* Tenn. Code Ann § 30-1-106 (2003); 33 C.J.S. *Executors and Administrators* § 41 (1998).

After reviewing the applicable statutory language and the decisions previously rendered by this Court, we have concluded that the legislature clearly intended that a creditor's claim which is not filed within one (1) year of the date of the decedent's death, regardless of whether the estate has been opened or not, will be forever barred. Accordingly, we reverse the decision of the probate court and hold that Goldsmith's claim against Decedent's estate is barred by the express language of section 30-2-307(a)(1)(B) and section 30-2-310 of the Tennessee Code.

## IV.
### CONCLUSION

For the foregoing reasons, we reverse the decision of the probate court. This case is remanded to the probate court for any further action which may be necessary as a result of this opinion. Costs of this appeal are taxed to the Appellee, FDS/Goldsmith's, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-11-