# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs April 7, 2014

## ANNA MAY DIGGS, ET AL. v. RENEESE CARTER, ET AL.

**Direct Appeal from the Chancery Court for Carroll County**
**No. 2011-CV-182      Donald E. Parish, Judge**

_____

**No. W2013-02612-COA-R3-CV - Filed May 15, 2014**

_____

The trial court awarded summary judgment to Defendant in this will contest. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

J. Brent Bradberry, Dresden, Tennessee, for the appellants, Tony C. Bigham and Allison Marie Dalton.

William Dalton Bowen, Milan, Tennessee, for the appellee, Reneese Nicole Carter.

## MEMORANDUM OPINION[1]

The facts relevant to our disposition of this appeal are largely undisputed. In 1980, Decedent J. D. Pearson (Mr. Pearson) executed a will devising his property to his wife, Sammie Ree Pearson (Mrs. Pearson), or, if she should pre-decease him, to his step-son, O. D. Hunt (Mr. Hunt). Mrs. Pearson pre-deceased Mr. Pearson, and Mr. Hunt died in March 2000. Mr. Pearson died without issue on January 8, 2011, at 96-years of age.

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In May 2011, Mr. Pearson's step-granddaughter, Defendant Reneese Nicole Carter (Ms. Carter or "Appellee"), acting as Executrix, presented an April 2000 document purporting to be Mr. Pearson's last will and testament to the Chancery Court for Carroll County. In September 2011, Plaintiffs Anna May Diggs and Lorene Hughes (collectively, "Plaintiffs"), Mr. Pearson's sisters and heirs at law, filed a complaint to contest the will. Ms. Carter answered in November 2011 and in August 2012 moved for summary judgment on the basis that Plaintiffs lacked standing where they would not be entitled to share in Mr. Pearson's estate if the 2000 will was set aside and Mr. Pearson's 1980 will administered. In October 2012, Plaintiffs filed a response to Ms. Carter's motion and consented to dismissal of their claims. The trial court granted Ms. Carter's motion for summary judgment with respect to Plaintiffs' claims in November 2012.

In the meantime, Tony C. Bingham (Mr. Bingham) and Allison Marie Dalton (Ms. Dalton; collectively, "Appellants") filed a motion to intervene in the matter in August 2012. In their motion, Appellants asserted that they were the issue and heirs of Mr. Hunt and that Mr. Hunt died intestate in March 2000. The trial court entered a consent order granting the motion in September 2012. In their intervening petition, Appellants asserted that a confidential relationship existed between Ms. Carter and Mr. Pearson and that Mr. Pearson's 2000 will was the result of undue influence and overreaching. In her answer, Ms. Carter denied Appellants' allegations of undue influence and overreaching, denied that Appellants are the issue and heirs of Mr. Hunt, and denied that Mr. Hunt died intestate. She asserted the defenses of failure to state a claim and standing. Appellants filed a petition for DNA testing in November 2012, asserting that they are the biological children of Mr. Hunt and that Ms. Carter and her sisters, Respondents Oneika Dianne Potter and Enna Soleiva Jynene Hunt, are their half-sisters. In her answer and amended answer, Ms. Carter generally denied Appellants' allegations, denied that she should be required to submit to DNA testing, and denied that the 1980 will was, in fact, Mr. Pearson's last will. She reasserted the defenses of failure to state a claim and standing and also asserted the statute of limitations set forth in Tennessee Code Annotated § 36-2-306 and § 28-3-110. Ms. Carter contended that Appellants failed to establish paternity within three years of attaining the age of majority or within ten years of the death of Mr. Hunt as required by the statutes.

In April 2013, Ms. Carter moved for summary judgment on the basis that Appellants lacked standing where, assuming the 2000 will was set aside and the 1980 will administered pursuant to the anti-lapse statute provided by Tennessee Code Annotated § 32-3-105, Appellants could not demonstrate that they are Mr. Hunt's issue. Ms. Carter asserted that Appellants had failed to establish paternity within three years of attaining majority as provided by section 36-2-306, or within ten years of Mr. Hunt's death as provided by section 28-3-110 and *Brady v. Smith*, 56 S.W.3d 523 (Tenn. Ct. App. 2001). She asserted that Appellants accordingly were time-barred from asserting paternity and, therefore, from

asserting that they were entitled to share in Mr. Pearson's estate pursuant to the anti-lapse statute. In July 2013, Ms. Carter filed an affidavit asserting that Mr. Hunt did not die intestate, and attached to her affidavit a document dated March 2000 that purported to be Mr. Hunt's last will and testament. In that document, which undisputedly was not administered, Mr. Hunt devised and bequeathed his estate to his wife, if she survived him, and otherwise to his "three daughters Reneese N. Hunt, Onieka D. Hunt and Enna S.J. Hunt, in equal shares, per stirpes."

In their response, Appellants did not dispute that they had not established paternity within three years of attaining majority or within ten years of Mr. Hunt's death, but asserted that Mr. Hunt held them out to be his children. They did not refute Ms. Carter's assertion that they were time-barred from asserting paternity for purposes of application of the anti-lapse statute, but relied on *Glanton v. Lord*, 183 S.W.3d 391 (Tenn. Ct. App. 2005), for the proposition that they were "within the applicable statute of limitations to assert their rights as non-marital children and have standing to contest the will of J.D. Pearson" because Mr. Hunt's will was not entered into probate and no notice to creditors was published.

Following a hearing in September 2013, the trial court concluded that *Glanton* was not controlling and had been effectively overruled by *In re Estate of Luck*, No. W2004-01554-COA-R3-CV, 2005 WL 1356448 (Tenn. Ct. App. June 7, 2005). The trial court dismissed Appellants' claim as time-barred by order entered September 30, 2013. This appeal ensued.

### *Issue Presented*

Appellants present the following issues for our review, as presented by them:

(1) Whether the Chancery Court erred in holding that unreported opinions of the Tennessee Court of Appeals are controlling precedent over a reported, factually consistent opinion of the Tennessee Court of Appeals.

(2) Whether the Chancery Court erred applying a one (1) year statute of limitations in this Will Contest when Tenn. Code Ann. § 32-4-108 clearly states that a two (2) years statute of limitations applies.

Ms. Carter presents the additional issue of whether she is entitled to damages for a frivolous appeal.

## Standard of Review

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). We review an award of summary judgment *de novo*, with no presumption of correctness for the determination of the trial court. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## Discussion

In their brief, Appellants assert the trial court erred by determining that *In re Estate of Luck*, No. W2004-01554-COA-R3-CV, 2005 WL 1356448 (Tenn. Ct. App. June 7, 2005), is controlling with respect to the limitations period applicable to a creditor's or non-marital child's claim against an estate where *Estate of Luck* reached a conclusion contrary to that reached in *Glanton v. Lord*, 183 S.W.3d 391 (Tenn. Ct. App. 2005). Appellants submit that *Glanton* is necessarily controlling where it is a published case and where *Estate of Luck* is unpublished, notwithstanding that *Estate of Luck* was decided subsequent to *Glanton*.

In *Estate of Luck*, we stated that the conclusion of the Middle Section of this Court in *Estate of Divinny v. Wheeler Bonding Co.*, No. M1999-00678-COA-R3-CV, 2000 WL 337584 (Tenn. Ct. App. Mar. 31, 2000), and its progeny, including *Glanton*, that the statute of limitations applicable to a creditor's claim against an estate - and, accordingly, a non-marital child's claim of paternity and a right to inherit by intestate succession - begins to run when an estate is submitted to probate and a notice to creditors is published, was "erroneous[.]" *Estate of Luck*, 2005 WL 1356448, at *8. We concluded that, under the statutes, the limitations period begins to run from the date of death. *Id*. Thus, a clear conflict existed between the Middle and Western Sections of this Court with respect to the limitations period. The supreme court definitively resolved this conflict in *Estate of Tanner*, where it specifically held that the one-year limitations period begins to run on the date of death. *In re Estate of Tanner*, 295 S.W.3d 610, 620 (Tenn. 2009). The supreme court stated, "cases that understandably relied on *Estate of Divinny* are overruled insofar as they suggest that the one-year limitations period does not run from the date of death." *Id*. at n.7. Thus, the trial court did not err in its determination that *Glanton* was not controlling in this matter.

It is well-settled that

a child born out of wedlock, whose paternity was not adjudicated prior to the death of the father, can establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims

-4-

against the estate and by establishing paternity by clear and convincing proof.

*Bilbrey v. Smithers*, 937 S.W.2d 803, 808 (Tenn. 1996). Subsequent to *Estate of Tanner*, we observed "[a]s evidenced by the language of Tenn. Code Ann. § 30-2-307(a)(1)(B) and § 30-2-310, claims not filed within twelve months of the decedent's death are barred." *In re Estate of Snapp*, No. E2009-00551-COA-R3-CV, 2010 WL 1924017, at *4 (Tenn. Ct. App. May 13, 2010)(citations omitted). It is undisputed in this case that Appellants did not assert their claim to Mr. Pearson's estate within one year from the date of Mr. Pearson's death in January 2011, and that they did not assert a claim to share in Mr. Hunt's estate within one year. Accordingly, we affirm the trial court's determination that, to the extent to which Appellants' action may be construed as a claim by a non-marital child, it is barred by the one-year limitations period.

We turn next to Appellants' assertion that the trial court erred by applying a one-year limitations period to this matter and not the two-year limitations period applicable to a will contest provided by Tennessee Code Annotated § 32-4-108. In her brief, Ms. Carter asserts that Appellants did not assert or rely on the limitations period provided by section 32-4-108 in the trial court, and accordingly cannot assert it for the first time on appeal. Ms. Carter further asserts that, assuming section 32-4-108 is applicable, Appellants cannot demonstrate standing where they failed to establish a right to inherit. Appellants did not file a reply brief to counter Ms. Carter's assertions.

As noted above, we observe that Ms. Carter's motion for summary judgment was based on lack of standing to assert a will contest. Her argument with respect to the question of standing was that the limitations period applicable to demonstrate paternity, and therefore the right to take pursuant to the anti-lapse statute, had expired. Ms. Carter's motion was not predicated on the limitations period set forth in section 32-4-108. It is not disputed that Appellants filed their claim as a will contest or that they filed it within the two years permitted by section 32-4-108.

In their responses to Ms. Carter's motion, Appellants admitted Ms. Carter's factual averments and, as also noted above, specifically relied on *Glanton* for the proposition that the "catch-all" statute of limitations provided by section 28-3-110(3) was not applicable to this matter. Relying on *Glanton*, Appellants asserted in the trial court:

> Since the estate of O.D. Hunt was never administered, no Notice to Creditors has been published or posted and the statute of limitations for any potential non-marital child of O.D. Hunt has not begun to run. Therefore, Petitioners' claim to establish O.D. Hunt as their father is not time-barred.

Appellants' response to Ms. Carter's motion for summary judgment, as we perceive it, was based entirely on their reliance on *Glanton* to defeat any limitations period which might prevent them from taking under the anti-lapse statute. The limitations period set forth in section 32-4-108 was simply irrelevant to the disposition of Ms. Carter's motion. To the extent that the single paragraph on this issue set forth in Appellants' brief may be construed as an argument, it is without merit.

We turn finally to whether an award of damages to Ms. Carter for a frivolous appeal is appropriate.

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may . . . award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. It is well-settled that "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals[,]" *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn.1977), and that an appeal may be considered frivolous when it appears the appellant has no reasonable chance of success. *Liberty Mut. Ins. Co. v. Taylor*, 590 S.W.2d 920, 922 (Tenn. Ct. App. 1979). We do not interpret or apply section 27-1-122 "so strictly as 'to discourage legitimate appeals[,]'" however. *Estate of Goza v. Wells*, No. W2012-01745-COA-R3-CV, 2013 WL 4766544, at *6 (Tenn. Ct. App. Sept. 4, 2013)(quoting *id*.). An award of damages for the filing of a frivolous appeal is within the discretion of the appellate court. *Marra v. Bank of New York*, 310 S.W.3d 329, 342 (Tenn. Ct. App. 2009).

Ms. Carter submits that this appeal is frivolous where "Appellants, and others," have attempted to "take some portion of the involved estate for themselves, when there is no legitimate basis for them to do so[,]" and that they have pursued this appeal despite "being confronted with legal authority in the [t]rial [c]ourt proceedings that demonstrated they are not entitled to the relief they demand." Ms. Carter essentially contends this appeal is frivolous where Appellants were unsuccessful in the trial court. Upon review of the entire record in this case, Ms. Carter's request is denied.

### *Conclusion*

In light of the foregoing, summary judgment in favor of Ms. Carter is affirmed. Ms. Carter's request for an award of damages for a frivolous appeal is denied. Costs on appeal

are taxed to the appellants, Tony C. Bigham and Allison Marie Dalton. This matter is remanded to the trial court for the collection of costs.


_____
DAVID R. FARMER, JUDGE