FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

September 3, 1996

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| BLANCHE BILBREY AND CECIL ASBERRY, | ( | |
| | ( | |
| Plaintiffs-Appellees, | ( | |
| | ( | |
| | ( | |
| | ( | Pickett Chancery |
| | ( | |
| v. | ( | Hon. Vernon Neal, |
| | ( | Chancellor |
| | ( | |
| | ( | No. 01S01-9509-CH-00168 |
| | ( | |
| VESTEL SMITHERS, | ( | |
| | ( | |
| Defendant-Appellant. | ( | |

For Plaintiffs-Appellees:                     For Defendant-Appellant:

Phillips M. Smalling                              Onnie L. Winebarger
Byrdstown                                            Byrdstown

# O P I N I O N

JUDGMENT OF COURT OF APPEALS
AFFIRMED; CASE REMANDED.                          REID, J.

This case presents for review the right of a child born out of

wedlock to inherit from his natural father who died prior to the amendment of

Tenn. Code Ann. § 31-2-105(a)(2)(B) (Supp. 1995) in 1978. The record supports the finding of paternity, but the claimant failed to establish the right to inherit as required by the statute; however, the appellant is estopped to deny the claimant's asserted interest in the decedent father's real property.

## THE CASE

S. D. (Sam) Asberry died intestate on June 12, 1966, survived by two legitimate children, Orban Asberry and Blanche Bilbrey, and Cecil Asberry, who was born out of wedlock. Orban Asberry qualified and served as the administrator of his father's estate. The administration of the estate was closed on the 12th day of August, 1968, and the decedent's personalty was distributed equally between Orban Asberry and Blanche Bilbrey. At the time of his father's death, Cecil Asberry made no claim for a share of the personal estate.

No disposition was made of any portion of the real property owned by S. D. (Sam) Asberry until 1983.[1] In 1983, and again in 1986, portions of the real property were conveyed to the State of Tennessee by warranty deed executed by Orban Asberry, Blanche Bilbrey, and Cecil Asberry. The deeds identified the grantors as "being the only children and heirs at law of S. D. Asberry." The proceeds from the sale of the land were divided equally among Orban Asberry, Blanche Bilbrey, and Cecil Asberry. In 1993, prior to the filing of the complaint in this case, Orban Asberry, Blanche Bilbrey, et vir, and Cecil Asberry, et ux, executed an oil and gas lease of real property owned by S. D. (Sam) Asberry at the time of his death. The record also shows that the proceeds from the sale of timber cut on the land were divided among Orban Asberry, Blanche Bilbrey, and Cecil Asberry.

---

[1]The record does not show who received the rents from the real property owned by the decedent.

Orban Asberry died in 1993. He devised all of his property to his stepson, Vestel Smithers.

Soon after Orban Asberry's death, Blanche Bilbrey and Cecil Asberry filed this suit, seeking an adjudication that Blanche Bilbrey, Cecil Asberry, and Vestel Smithers are tenants in common of the real property owned by Sam Asberry at the time of his death and that the land be sold and the proceeds be divided among the parties equally. The parties stipulated that S. D. (Sam) Asberry's paternity of Cecil Asberry could be proven by clear and convincing evidence; however, Smithers disputed the allegation that Cecil Asberry owns any interest in the real property.

The trial court found for the plaintiffs and held that Cecil Asberry by intestate succession became the owner of a one-third undivided interest in his father's real property. The Court of Appeals affirmed.

## ANALYSIS

Prior to 1978, a child born out of wedlock could inherit from the natural father only if there had been an adjudication of paternity prior to the death of the father. See Tenn. Code Ann. § 31-206(2) (Supp. 1977). That law was changed in 1978 by this Court's decision in Allen v. Harvey, 568 S.W.2d 829 (Tenn. 1978), and the subsequent enactment of an amendment to the statute which is presently found at Tenn. Code Ann. § 31-2-105(a)(2)(B) (Supp. 1995).[2]

---

[2]Tenn. Code Ann. § 31-2-105(a)(2)(B) states as follows:

(a) If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:

. . .

(2) In cases not covered by subdivision (a)(1), a person born out of wedlock is a child of the mother. That person is also a child of the father, if:

. . .

In Allen v. Harvey, there had not been an adjudication of paternity prior to the natural father's death. Even though the statute contained no provision at that time for an adjudication of paternity after the death of the father, this Court found "the policy of that Act to be one of sanctioning inheritance if the father-child relationship is clearly established," 568 S.W.2d at 834, and held that paternity for the purpose of "inheritance," could be determined after the death of the father, upon "clear and convincing proof" provided "rights of inheritance have not finally vested." Id. at 835. The Court stated that application of the decision to other cases would be prospective only. Id.

The decision in Allen v. Harvey turned on a finding of clear and convincing proof of paternity. The second condition, "where rights of inheritance have not vested," was not an issue in that case because it was a condemnation proceeding by the State in which the owner of the property died during the pendency of the case. The claimant's right to inherit was dependent upon the determination that he was the child of the owner's deceased brother. Consequently, there could be no claim that "rights of inheritance" had vested, and the issue was not discussed by the Court.

The 1978 amendment to Tenn. Code Ann. § 31-2-105 codified the Court's decision in Allen v. Harvey, that paternity could be established after the death of the father upon clear and convincing proof. However, the statute did not address the second limitation found in Allen v. Harvey, that "rights of inheritance have not finally vested."

In the present case, the Court of Appeals based its decision that Cecil Asberry is entitled to a share of his natural father's property upon

_____

(B) The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, but the paternity established under this subdivision is ineffective to qualify the father or the father's kindred to inherit from or through the child unless the father has openly treated the child as the father's, and has not refused to support the child.

Marshall v. Marshall, 670 S.W.2d 213 (Tenn. 1984). In Marshall v. Marshall, the Court applied the decision in Allen v. Harvey "retrospectively" and held that a child born out of wedlock could inherit from his intestate father, who had died in 1975 survived by a widow and collateral heirs. Id. at 215. The opinion, filed in 1984, does not discuss the statute or the holding in Allen v. Harvey that the claim will not be allowed to disturb vested rights; nor does it address the time within which the right of inheritance must be asserted, except to find that the "defendants in the instant case have not acted in reliance upon the precedent overruled by Allen . . . ." Id. Nevertheless, the effect of the Marshall decision was that three and one-half years after the death of the owner of the property, the fee simple title to the property, subject only to the widow's statutory rights, was divested out of the decedent's heirs at law and vested into his son who was born out of wedlock. The decision obviously disturbed vested property rights, despite its focus on "prospective" and "retrospective" applications of the statute.

Consequently, neither the statute nor any opinion of this Court has addressed directly the time within which a child born out of wedlock must assert the right to inherit by virtue of his relationship with his natural father. That issue was raised in the trial court and the Court of Appeals in this case. The trial court ruled that title had not vested in the decedent's legitimate children and, further, that Vestel Smithers was estopped from asserting any statute of limitation. The Court of Appeals utilized a different rationale. In response to Smithers' insistence that title to S. D. (Sam) Asberry's real property had vested in the decedent's legitimate heirs at law immediately upon his death in 1966, that court apparently found that, pursuant to Allen v. Harvey and Marshall v. Marshall, title also vested in Cecil Asberry upon the death of the father, even though there had been no adjudication of paternity. The Court of Appeals did not discuss the statute of limitation or estoppel. The decision by the Court of Appeals that title vested in the claimant upon the death of his father, even though there had been no adjudication of paternity, left unresolved significant issues regarding the

ownership of property. Application of the relevant rules of law compels the conclusion that neither the decision of the Court of Appeals nor the trial court is entirely correct. Both courts, as well as this Court in Marshall v. Marshall, ignored the decision in Allen v. Harvey that an adjudication of paternity subsequent to the father's death will not be allowed to disturb vested interests.

Determining the appropriate application of the limitation that vested rights will not be disturbed to the statute allowing paternity to be established after the father's death requires consideration of the law of real property, intestate succession, and equal protection. That consideration properly begins with the applicable statutes. Section 31-2-103(a) provides:

> The real property of an intestate decedent shall vest immediately upon death of the decedent in the heirs as provided in § 31-2-104. . . .

Tenn. Code Ann. § 31-2-103(a) (Supp. 1995). For purposes of intestate succession, a person born out of wedlock is the child of that person's father if:

> The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof.

Tenn. Code Ann. § 31-2-105(a)(2)(B). Consequently, if there has been an adjudication of paternity prior to the death of the father, the child born out of wedlock inherits by intestate succession as a legitimate child, and title to the decedent's real property vests in that child immediately upon death of the decedent. No further adjudication is necessary to establish the child's right to inherit.

But, according to the statute, where there has been no adjudication of paternity prior to the father's death, paternity can be established only by clear and convincing proof, which, of course, requires a judicial determination subsequent to the death of the father. The only designation in the statute of the time within which that determination can be made is "thereafter," or, in other words, after the father's death. However, "thereafter" cannot be unlimited or uncertain, because, as previously discussed, the right of a child born out of wedlock to inherit cannot be asserted to disturb "rights of inheritance" that have "finally vested."[3] Consequently, it appears that the limitation imposed upon the right of a child born out of wedlock to inherit from the child's natural father, where paternity has not been established prior to the father's death, is that paternity must be proven by clear and convincing proof prior to the vesting in interest in persons other than the claimant-child.

In reaching its decision in Allen v. Harvey, the Court relied upon Trimble v. Gordon, 430 U.S. 762, 97 S. Ct. 1459 (1977), in which the United States Supreme Court held that an Illinois statute that permitted only legitimate children to inherit from a father who died intestate violated the equal protection provisions of the United States Constitution. In that case, the Supreme Court recognized that the state has a legitimate interest in establishing an orderly method of disposition of intestate property, that the more serious problems incident to proving the paternity of persons born out of wedlock justify a more demanding standard of proof, and that the dependability of titles to property passing by intestate succession must be ensured. Id. at 771, 97 S. Ct. at 1465.

A reasonable accommodation of these state interests and the rights of persons born out of wedlock to inherit from their natural fathers is to

_____

[3]The common law concept of seisin is still a basic principle of real property law in Tennessee. Upon the termination of a freehold estate, "there must be some ascertained person in existence capable of taking the seisin." Cornelius J. Moynihan, Introduction to the Law of Real Property 113 (1962).

require that, in the absence of a statute addressing the issue, a claimant must assert the right to inherit within the time allowed creditors to assert a claim against the estate of the person who was the owner of the property in which an interest is claimed.[4] Admittedly, this is a somewhat arbitrary determination. However, in the absence of a statute, this determination is necessary in order to resolve competing rights. In any event, this limitation can be determined by familiar and well-defined rules, it meets constitutional standards of notice to claimants,[5] it protects the rights of creditors and subsequent owners of the property, it poses no threat to "rights of inheritance" beyond those which may now be posed by creditors and taxing authorities, and it retains the present degree of dependability in the titles to intestate property.[6]

In summary, a child born out of wedlock, whose paternity was not adjudicated prior to the death of the father, can establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims against the estate and by establishing paternity by clear and convincing proof.

In this case, Cecil Asberry has shown by clear and convincing proof that he is the son of S. D. (Sam) Asberry; however, he did not assert the right to inherit against the estate of S. D. (Sam) Asberry, the owner of the property in which an interest is claimed, within the time required. The estate was closed in 1968; Cecil Asberry's application for a determination of paternity was not made until this suit was filed in 1993. However, this

---

[4]Where, as in Allen v. Harvey, the owner of the property at issue was not the claimant's father, the adjudication of paternity may occur long after the death of the claimant's father and the closing of his estate.

[5]See Estate of Jenkins, 912 S.W.2d 134, 136 (Tenn. 1995).

[6]The limitation stated also eliminates reliance upon the questionable use of the distinction between "prospective" and "retrospective" application of the statute to determine its applicability, which was discussed in Allen v. Harvey and Marshall v. Marshall.

holding does not resolve the rights of the parties in this case.

## ESTOPPEL

Another issue is presented by the pleadings and proof. That issue is whether Vestel Smithers can rely upon Cecil Asberry's delay in seeking an adjudication of paternity. Cecil Asberry asserts that Vestel Smithers is estopped from denying his ownership of an interest in the property. He bases the claim of estoppel upon the recitations made by Orban Asberry in the instruments of conveyance executed by Orban Asberry, Blanche Bilbrey, and Cecil Asberry, in which Vestel Smithers' predecessor in title declared that he, Blanche Bilbrey, and Cecil Asberry were the children and heirs at law of the decedent owner.

Estoppel is an affirmative defense which must be raised in the pleadings and proven by the party asserting it. Tenn. R. Civ. P. § 8.03; Edwards v. Central Motor Co., 38 Tenn. App. 577, 277 S.W.2d 4l3, 416 (Tenn. Ct. App. 1954), aff'd, 277 S.W.2d 417 (Tenn. 1955); Borches & Co. v. Arbuckle Bros., 111 Tenn. 498, 78 S.W. 266 (1903). Estoppel by deed is an affirmative defense based on representations made by a party in a deed. Essentially, representations made by a party to a deed cannot be denied later by that party or his privies.

> "Estoppel by deed is a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed, or from denying the truth of any material facts asserted in it."

Denny v. Wilson County, 198 Tenn. 677, 281 S.W.2d 671, 674 (1955) (quoting 28 Am. Jur. 2d Estoppel & Waiver § 4 (1966)); see also: Blevins v. Johnson County, 746 S.W.2d 678, 684 (Tenn. 1988). "Where one recognizes another's title or is instrumental in another's acquiring title he is

estopped to afterwards deny that title." <u>Spicer v. Kimes</u>, 156 S.W.2d 334, 337 (Tenn. Ct. App. 1941). "The privies of a grantor or grantee are estopped to the same extent as the original parties to the deed." <u>Id</u>. Estoppel by deed applies where both parties were grantors or grantees, and also where one party was a grantor and the other was a grantee. In either case, an individual's property rights are being recognized by the other party or parties signing the deed. That recognition of rights cannot be taken back at a later time.

Blanche Bilbrey and Orban Asberry joined Cecil Asberry in the execution of two warranty deeds and a lease. It was asserted in those instruments that the grantors were the heirs of S. D. (Sam) Asberry. The proof shows that they divided the proceeds from the conveyances equally. Orban Asberry would be estopped from denying that Cecil Asberry owns a one-third undivided interest in the real property. Vestel Smithers, as Orban Asberry's successor in interest, is likewise estopped.

## CONCLUSION

The ruling of the Court of Appeals, that Cecil Asberry is entitled to a one-third undivided interest in the real property owned by Sam Asberry, is affirmed. The case is remanded to the trial court for further proceedings consistent with this opinion.

Costs are taxed to Vestel Smithers, for which execution may issue.

_____
Reid, J.

Concur:

Birch, C.J., Drowota, Anderson,

-10-

and White, JJ.