IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 8, 2009 Session

IN RE **ESTATE OF CLEO SNAPP**

**Appeal from the Chancery Court for Washington County**
**No. P41-229-05      G. Richard Johnson, Chancellor**

**No. E2009-00551-COA-R3-CV - FILED MAY 13, 2010**

Anne Dowd and Ferrell Ervin filed a motion to intervene and to stay the distribution of the estate of Cleo M. Snapp, claiming they were heirs of the estate. Ms. Dowd asserted that she was the non-marital child of Thomas Ervin, a brother of Ms. Snapp, and Mr. Ervin asserted that his father, Ben Ervin, was the non-marital child of Thomas Ervin. The executrix of the estate responded by filing a motion to deny their claims. After a hearing, the trial court granted the executrix's motion to deny the claims because they were untimely. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

James R. Wheeler, Jonesborough, Tennessee, for the appellants, Anna Dowd and Ferrell Ervin.

Douglas K. Shults, Erwin, Tennessee, for the appellee, the Estate of Cleo Snapp.

**OPINION**

**I. BACKGROUND**

Anne Dowd and Ferrell Ervin[1] ("Petitioners") claim to be the heirs of Cleo M. Snapp ("Decedent"). Decedent passed away at the age of 102 on January 25, 2005. Decedent was

---

[1]Mr. Ervin's first name was spelled variously as "Farrell" or "Ferrell" throughout the record. We use "Ferrell" here because the cover sheet on the Technical Record from the trial court bears this spelling.

not survived by a spouse or children. A will and a holographic will were submitted for probate to the trial court on February 9, 2005. It was estimated that Decedent's estate (" the Estate") included personalty valued at $300,000 and realty valued at $500,000. Decedent left a large portion of the Estate to three of her sisters, who were alive at the time she executed the will. However, the three sisters predeceased Decedent, and as a result, Decedent's nieces and nephews held the closest degree of relationship as surviving heirs. Approximately thirty devisees and legatees were listed in the petition filed in support of the probate of the Estate.

At the time of the filing for probate, an affidavit of publication was filed. The affidavit specified that a Notice to Creditors was published in the Johnson City Press, a daily newspaper published in Johnson City. The two insertions commenced on February 25, 2005, and ended March 4, 2005.

Litigation concerning the interpretation of the will ensued. On February 28, 2007, the issues were finally resolved in an opinion from this court. *See In re Estate of Snapp*, 233 S.W.3d 288 (Tenn. Ct. App. 2007). Specifically, we concluded that the entire residuary estate had lapsed thereby causing the entire residuary estate to pass by intestate succession because Decedent's sisters predeceased her. *Id.* at 294 (citations omitted).

No other court activity occurred in this matter until October 20, 2008, when the Executrix of the Estate, Margaret Swingle ("Executrix"), filed a motion for interim distribution and to set attorney's fees. Petitioners claim that they did not become aware of the matter until on or about October 20, 2008, having learned that they were not considered heirs at law. More than three years after Decedent's death, Petitioners filed a motion to intervene and stay the proceedings. In that motion, Petitioners alleged that they were direct descendants of Thomas Ervin, brother of Decedent. In response, Executrix filed a motion to deny Petitioners' claim/intervention.

The only evidence offered to the trial court in support of Petitioners' Motion to Intervene was the discovery deposition of Executrix. In her deposition, Executrix stated that she did not believe that Petitioners were heirs at law of Decedent. Executrix also testified that she found some old letters in Decedent's desk concerning whether Ben Ervin was the son of Thomas Ervin. Those letters were attached as Exhibit One to Executrix's deposition. According to Executrix, those letters suggested that Ben Ervin was not the son of Thomas Ervin.

After a hearing on the motion to intervene, the trial court entered an order granting the Estate's motion to deny Petitioners' claim/intervention. Specifically, the trial court held that Petitioners' claims were untimely because the claims were filed after the expiration of the one-year statute of limitation. Thereafter, Petitioners filed this appeal challenging the trial

court's determination that they were creditors of the Estate and that their claims were untimely filed.

## II. ISSUES

The issues presented for review are restated as follows:

A.      Whether the trial court erred in determining that Petitioners should be treated as creditors of the Estate.

B.      Whether the trial court erred in determining that the statute of limitations barred Petitioners' claims.

## III. STANDARD OF REVIEW

The trial court's findings of fact are reviewed de novo with a presumption of correctness. Tenn. R. App. P. 13(d). This court will not disturb the trial court's findings of fact unless the evidence preponderates against them. *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). Regarding legal issues, our review is conducted under a de novo standard of review without any deference to the trial court's conclusions of law. *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). Whether Petitioners qualify as heirs is a matter of statutory construction. The interpretation of a statute is a question of law subject to de novo review. *Leab v. S & H Mining Co.*, 76 S.W.3d 344, 348 (Tenn. 2002); *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000). We presume that every word in a statute has meaning and purpose; each word should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). If the statutory language is clear and unambiguous, we apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). When called upon to construe a statute, the courts must take care not to unduly restrict a statute's application or conversely expand its coverage beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002).

## IV. DISCUSSION

In Tennessee, non-marital children may inherit from or through their biological father

by intestate succession if "paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof." Tenn. Code Ann. § 31-2-105(a)(2)(B) (2007). When an adjudication determining paternity occurs after the father's death, the non-marital children may inherit from or through their father "where rights of inheritance have not finally vested" in other heirs. *Brady v. Smith*, 56 S.W.3d 523, 525 (Tenn. Ct. App. 2001) (quoting *Allen v. Harvey*, 568 S.W.2d 829, 835 (Tenn. 1978)). Tenn. Code Ann. § 31-2-105 does not address "the second limitation found in *Allen v. Harvey*, that 'rights of inheritance have not finally vested.'" *Bilbrey v. Smithers*, 937 S.W.2d 803, 806 (Tenn. 1996) (quoting *Allen*, 568 S.W.2d at 835). Addressing this issue in *Bilbrey v. Smithers*, the Tennessee Supreme Court held:

> [A] child born out of wedlock, whose paternity was not adjudicated prior to the death of the father, can establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims against the estate and by establishing paternity by clear and convincing proof.

*Bilbrey*, 937 S.W.2d at 808.

Under Tenn. Code Ann. § 30-2-306, creditors are allowed four months from the date of the first publication or posting of the Notice to Creditors in which to file claims against the estate. *See* Tenn. Code Ann. § 30-2-306(b) (Supp. 2009). Tenn. Code Ann. § 30-2-307 governs claims filed against an estate and provides "[a]ll claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(b)." Tenn. Code Ann. § 30-2-307(a)(1) (2007). However, Section 30-2-307 also provides two exceptions to the four-month period prescribed in Tenn. Code Ann. § 30-2-306(b). *See Bowden v. Ward*, 27 S.W.3d 913, 918 (Tenn. 2000)*; In re Estate of Luck*, No. W2004-01554-COA-R3-CV, 2005 WL 1356448, at *3-4 (Tenn. Ct. App. W.S., June 7, 2005). The relevant exception to the instant case is found at Tenn. Code Ann. § 30-2-307(a)(1)(B), which states:

> If a creditor receives actual notice less than sixty (60) days before the date that is twelve (12) months from the decedent's date of death *or receives no notice*, the creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death.

Tenn. Code Ann. § 30-2-307(a)(1)(B) (2007) (emphasis added). Moreover, Tenn. Code Ann. § 30-2-310(a) provides:

> All claims and demands not filed with the probate court clerk, as required by

§§ 30-2-306 – 30-2-309, or, if later, in which *suit has not been brought or revived before the end of twelve (12) months from the date of death of the decedent, shall be forever barred*.

Tenn. Code Ann. § 30-2-310(a) (2007) (emphasis added).

In the case at bar, Decedent passed away on January 25, 2005. The trial court found that Petitioners filed a motion to intervene on November 6, 2008, and a motion to establish status as heirs on January 16, 2009. The trial court determined that Petitioners, as non-marital children,[2] were creditors of the Estate, and as a result, their claims were excluded because "they failed to file timely claims and are beyond the one-year statute of limitations." Petitioners argue that the trial court erred in determining that they were creditors of the Estate and applying the one-year statute of limitations. They claim that they had no notice of the former appeal and that their cause of action did not arise until this court determined that the residuary estate would pass by intestate succession. We disagree.

It is well settled that non-marital children claiming a share in an estate must file their claims within the one-year statute of limitations. *See Bilbrey*, 937 S.W.2d at 808; *In re Estate of Bennett*, No. E2004-02007-COA-R3-CV, 2005 WL 2333597, at *5 (Tenn. Ct. App. E.S., Sept. 23, 2005). Explaining the rationale behind the rule, the Tennessee Supreme Court stated:

> . . .[T]his limitation can be determined by familiar and well-defined rules, it meets constitutional standards of notice to claimants, it protects the rights of creditors and subsequent owners of the property, it poses no threat to "rights of inheritance" beyond those which may now be posed by creditors and taxing authorities, and it retains the present degree of dependability in the titles to intestate property.

*Bilbrey*, 937 S.W.2d at 808 (footnotes omitted).

This court has consistently enforced the one-year statute of limitations to individuals

---

[2]Mr. Ervin does not allege that he was born out of wedlock, but that he would inherit through a relative who was born out of wedlock. Specifically, he argues that he shares in the Estate because of his relationship to Ben Ervin, who he alleges was the illegitimate son of Thomas Ervin, a brother of Decedent. Thomas Ervin and Ben Ervin predeceased Decedent. Under these circumstances, Tenn. Code Ann. § 31-2-105(a)(2)(B) applies.

seeking to establish a claim for a share of an estate as a non-marital child.[3]  In *In re Estate of Bennett*, a non-marital daughter filed a claim against her deceased father's estate. Although a notice to creditors was published, she never received actual notice by the estate's personal representative. *In re Estate of Bennett*, 2005 WL 2333597, at *2.  The non-marital daughter filed her claim over a year after her father died, and the trial court found that the claim was barred "'even though the personal representative of the Estate did not provide legal notice'" to the daughter. *Id.*  On appeal, this court affirmed, noting that the trial court correctly disallowed the claim because it was untimely. *Id.* at *5.  Relying on *In re Estate of Luck* and the one-year limit of Tenn. Code Ann. § 30-2-307(a)(1)(B), this court reasoned that the daughter "was required to proceed as a creditor of the estate" and she had "one year from the date of the decedent's death in which to file her claim against the estate." *Id.*

The language of Section 30-2-307(a)(1)(B) mandates that any claim or demand against an estate accrues at the date of the decedent's death. *See also* Jack W. Robinson, Sr. et al., 2 *Pritchard on Wills and Administration of Estates* § 802 (6th ed. 2007) ("The maximum time in any event for filing a claim is twelve months from the decedent's death."). Contrary to Petitioners' contentions, it is of no consequence whether Petitioners' had notice of the previous appeal related to the Estate.  Further, Petitioners' contention that their cause of action did not arise until this court determined that the residuary estate would pass by intestate succession is without merit.  To interpret the statute as Petitioners urge would undermine the Legislature's intent to limit claims against an estate to twelve months from the date of a decedent's death.  As evidenced by the language of Tenn. Code Ann. § 30-2-307(a)(1)(B) and § 30-2-310, claims not filed within twelve months of the decedent's death are barred. *See In re Estate of Bennett*, 2005 WL 2333597, at *5; *see also In re Estate of Tanner*, 295 S.W.3d 610, 620 (Tenn. 2009) (citing *In re Estate of Luck* with approval and observing that applying the limitation of Tenn. Code Ann. § 30-2-307(a)(1)(B)"regardless of whether a representative is appointed, is the most natural interpretation of the statutory scheme.")

We agree with the trial court and hold that Petitioners were to proceed as creditors of the Estate.  The statute of limitations for a creditor's claim against an estate must be filed one-year from the decedent's death. *See* Tenn. Code Ann. § 30-2-307(a)(1)(B).  Because Petitioners failed to file their claim within a year of Decedent's death, their claim was time barred.  Even if this court found that the statute of limitations did not run until our decision in favor of intestate succession, Petitioners' claims remain untimely.  This court entered a

---

[3]In *In re Estate of Bennett*, 2005 WL 2333597, at *5, f.n. 2, this court declined to follow the result reached by the Middle Section of this court in *Glanton v. Lord*, 183 S.W.3d 391 (Tenn. Ct. App. 2005), *perm. app. denied* (Tenn. Oct. 24, 2005).  In *Glanton*, this court held that the statute of limitations begins to run "after the decedent's estate has been submitted to probate."  183 S.W.3d at 401.

decision ruling that the Estate should pass via intestate succession on February 28, 2007, which was filed in the record of the trial court on September 10, 2007. Petitioners did not file their motion to intervene until November 6, 2008; their motion was filed more than a year after this court's decision concerning intestate succession and more than three years after the date of Decedent's death. Accordingly, we affirm.

## V. CONCLUSION

The judgment of the trial court is affirmed and this cause is remanded for the collection of costs below. Costs of this appeal are taxed to Appellants, Anna Dowd and Ferrell Ervin.

_____
JOHN W. McCLARTY, JUDGE