IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 23, 2015 Session

**IN RE: THE ESTATE OF OLA IRENE TUCKER**

**Appeal from the Probate Court for Loudon County**
**No. 4096     Rex A. Dale, Judge**

**No. E2014-02112-COA-R3-CV-FILED-NOVEMBER 12, 2015**

Dianna Lynne Johnson Allen appeals an order of the Probate Court for Loudon County ("the Trial Court") holding that Ms. Allen lacked standing to assert pursuant to Tenn. Code Ann. § 31-2-105 a claim of inheritance by intestate succession to the Estate of Ola Irene Tucker ("the Estate"). We find and hold that Ms. Allen qualifies as a person born out of wedlock for purposes of Tenn. Code Ann. § 31-2-105(a)(2)(B). We, therefore, reverse the Trial Court's order holding that Ms. Allen lacked standing and remand this case to the Trial Court for a determination of whether Ms. Allen proved by clear and convincing evidence that Ewell Stephens Johnson was her father, which, if so proven, would allow Ms. Allen to inherit by intestate succession from the Estate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J. and THOMAS R. FRIERSON, II, J., joined.

James T. Normand, Oak Ridge, Tennessee, for the appellant, Dianna Lynne Johnson Allen.

Andrew Pate, Knoxville, Tennessee, for the appellee, Garry Bivens.

**OPINION**

**Background**

Ola Irene Tucker ("Deceased") died unmarried and intestate in May of 2010. Deceased was predeceased by two of her three children. Deceased's other child died several months after Deceased's death. All three of Deceased's children left children. In

September of 2010, Ms. Allen and Michael Jay Bivens filed a petition seeking administration of the Estate of Ola Irene Tucker and requesting that they be appointed as co-administrators of the estate. In their petition, Ms. Allen and Michael Jay Bivens claim to be grandchildren of Deceased and state that Deceased's other living grandchildren are Sara Bivens Burgan, Jamie Bivens Simonds, and Garry Jason Bivens[1]. The Trial Court appointed Ms. Allen and Michael Jay Bivens as co-administrators of the Estate and granted them Letters of Administration.

An issue arose during the administration of the Estate regarding who was Ms. Allen's father. Ms. Allen claims that Ewell Stephens Johnson, one of Deceased's sons, was her biological father despite the fact that Ms. Allen's mother was married to another man when Ms. Allen was born. The Trial Court held a hearing and took evidence on the issue of whether Ms. Allen could prove pursuant to Tenn. Code Ann. § 31-2-105 that she was a child of Ewell Stephens Johnson and, therefore, a grandchild of Deceased's and entitled to inherit from the Estate via intestate succession. After the hearing, the Trial Court entered its order on October 1, 2014 finding and holding that Ms. Allen lacked standing to assert a claim of inheritance by intestate succession to the Estate because Ms. Allen was not a person born out of wedlock for purposes of Tenn. Code Ann. § 31-2-105(a)(2)(B) because her mother was married to another man when Ms. Allen was born. The Trial Court certified its October 1, 2014 order on the issue of whether Ms. Allen lacked standing as a final judgment pursuant to Tenn. R. Civ. P. 54.02. Ms. Allen appeals to this Court.

## Discussion

Although not stated exactly as such, Ms. Allen raises one issue on appeal: whether the Trial Court erred in holding that Ms. Allen lacked standing because she was not born out of wedlock for purposes of Tenn. Code Ann. § 31-2-105.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As pertinent to this appeal, Tenn. Code Ann. § 31-2-105 provides:

---

[1] In some places in the record on appeal Mr. Bivens's first name is spelled as 'Garry' and in other places it is spelled as 'Gary.' We are unable to determine the correct spelling given the record before us. We utilize in this Opinion the spelling that appears in the petition for administration of the Estate.

**31-2-105. Parent-child relationship.**

(a) If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:

* * *

(2) In cases not covered by subdivision (a)(1), a person born out of wedlock is a child of the mother.  That person is also a child of the father, if:

* * *

(B)  The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, but the paternity established under this subdivision (a)(2)(B) is ineffective to qualify the father or the father's kindred to inherit from or through the child unless the father has openly treated the child as the father's, and has not refused to support the child.

Tenn. Code Ann. § 31-2-105(a)(2)(B) (2015).

In its October 1, 2014 order, the Trial Court cited to *In re: Estate of Walton* in which our Supreme Court stated:

This Court recently reviewed the procedure for asserting rights of inheritance pursuant to Tenn. Code Ann. § 31-2-105 in *Bilbrey v. Smithers*, 937 S.W.2d 803 (Tenn. 1996); *see also Allen v. Harvey*, 568 S.W.2d 829 (Tenn. 1978).  Although not raised in the trial court nor noted by the Court of Appeals, there is one important factual difference between *Bilbrey* and *Allen* and the instant case.  In the prior cases, the mother of the person claiming paternity was not married when the child was conceived or born.  In the instant case, the claimant's mother was married at the time the claimant was conceived and born.  The issue of paternity cannot be considered until there has been a determination that the claimant was "born out of wedlock" within the meaning of Tenn. Code Ann. § 31-2-105.  Whether a child whose mother was married at the time of the child's birth is a child "born out of wedlock," and therefore has standing to assert a claim of inheritance, ***has not been decided by this Court***.  In view of the Court's finding that the proof fails to establish her claim, that issue need not be considered in this case.

*In re: Estate of Walton*, 950 S.W.2d 956, 958 (Tenn. 1997) (footnote omitted) (emphasis added).

While it is correct that our Supreme Court has not decided the issue now before us, this Court has addressed the issue in the reported case of *In re: Estate of Armstrong* in which we stated:

> Appellants, in their brief, make the following statement: "[T]he claimant was not born 'out of wedlock' because her mother was married at the time of her conception and birth and thus Tenn. Code Ann. Section *36–2–105(2)(B)* is not applicable to her. *See, Cunningham v. Golden*, 652 S.W.2d 910 (Tenn. App.1983)." (Emphasis ours.)

> We assume the Appellants intended to refer to the statute above instead of T.C.A. *36*. Nevertheless, we think Appellants' reliance on *Cunningham v. Golden*, 652 S.W.2d 910 being supportive of their argument that T.C.A. 31–2–105 is not applicable to the case at bar, is completely misplaced. *Cunningham* only construed the intent of the legislature in its use of the words "not born in lawful wedlock" in its enactment of T.C.A. § 36–2–202, which relates to the filing of a petition to legitimate a child. There is no correlation between T.C.A. § 36–2–202 and T.C.A. § 31–2–105, which relates to the right of an illegitimate child to inherit from its putative father. While T.C.A. § 31–2–105 defines a person "born out of wedlock" for the purpose of applying the statute, had the legislature chosen to define an illegitimate person instead of one born out of wedlock, the end result of the application of the statute would have been the same. Blacks Law Dictionary, Abridged Fifth Edition, defines "born out of wedlock" as "[c]hildren whose parents are not, and have not been, married to each other regardless of marital status of either parent with respect to another. See **Illegitimate**." It also defines an illegitimate child, as pertinent here, as follows: "**Illegitimate child**. Child who is born at a time when his parents, though alive, are not married to each other." We find this argument of the Appellants to be without merit.

> The Appellants argue in their brief that before the Appellee can prevail in the case at bar she has two hurdles she must overcome. First, she must rebut the strong presumption of legitimacy and, second, she must prove the paternity of Clyde Wells by clear and convincing proof. We agree with this contention of the Appellants. Under the facts in the case at bar, however, the two burdens merge into one.

4

*In re: Estate of Anna Mae Armstrong*, 859 S.W.2d 323, 327-28 (Tenn. Ct. App. 1993). This Court affirmed the decision of the trial court in *In re: Estate of Armstrong* finding and holding that the appellee had proven by clear and convincing evidence her right to inherit pursuant to Tenn. Code Ann. § 31-2-105. *Id*. at 328.

*In re: Estate of Armstrong* gives effect to the clear intent of our General Assembly when it enacted Tenn. Code Ann. § 31-2-105 to allow a child to inherit from her biological father even if he and the child's mother are not and never have been married to each other when the child is born. *In re: Estate of Armstrong* is a reported case, and it constitutes binding precedent for Tennessee trial courts on the issue involved in this appeal unless our Supreme Court overrules it or our General Assembly changes the law, neither of which has happened to date. Applying *In re: Estate of Armstrong*, Ms. Allen is a person born out of wedlock if Ewell Stephens Johnson was her biological father and he and Ms. Allen's mother were not and never had been married to each other at the time of Ms. Allen's birth. This is so even though Ms. Allen's mother was married to another man when Ms. Allen was born. If Ewell Stephens Johnson was Ms. Allen's biological father, she qualifies as a child born out of wedlock for purposes of Tenn. Code Ann. § 31-2-105, and we, therefore, find and hold that she does not lack standing to assert a claim of inheritance to the Estate by intestate succession through Ewell Stephens Johnson. We, therefore, remand this case to the Trial Court for a determination of whether Ms. Allen proved by clear and convincing evidence pursuant to Tenn. Code Ann. § 31-2-105 that Ewell Stephens Johnson was her biological father.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, Garry Bivens.

_____
D. MICHAEL SWINEY, JUDGE

5