IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 2, 2016 Session


**IN RE ESTATE OF PATRICK TAKASHI DAVIS**

**Appeal from the Circuit Court for Davidson County**
**No. 14P622     Randy M. Kennedy, Judge**

———————————————

**No. M2015-01425-COA-R3-CV – March 30, 2016**
———————————————


Appellant appeals the trial court's determination that Appellee, who was born in 1992, is an heir-at-law of the Decedent, who died intestate. Appellant argues that the Appellee, as a child born out of wedlock, was required to file a claim against decedent's estate within the statutory period in order to inherit. However, the Decedent is listed on Appellee's birth certificate. Under Tennessee Code Annotated Section 68-3-305(b) (1992), in order for his name to be listed on Appellee's birth certificate, the decedent would have signed an "affidavit . . . acknowledging paternity." With the enactment, in 1994, of Tennessee Code Annotated Section 27-7-113, such "affidavits" were deemed "voluntary acknowledgment[s] of paternity," which constitute a "legal finding of paternity." It is undisputed that the decedent's estate consists only of real property. Because the inclusion of decedent's name on Appellee's birth certificate evinces the execution of a voluntary acknowledgment of paternity that constitutes a legal finding of paternity, Appellee's portion of the estate vested, upon decedent's death, in Appellee pursuant to Tennessee Code Annotated Section 31-2-103 and the laws of intestate succession, Tennessee Code Annotated Section 31-2-104. Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and BRANDON O. GIBSON, JJ., joined.

David J. Callahan, III, John Richard Manson, and Alexander Stephen Fasching, Nashville, Tennessee, for the appellant, Crystal Wey.

James G. King, Nashville, Tennessee, for the appellee, Bryant Takashi Davis, and Peggy Duncan Mathes, Nashville, Tennessee, for the appellee, Estate of Patrick Takashi Davis.

**OPINION**

**I. Background**

Patrick Takashi Davis ("Decedent") died intestate on July 22, 2013. On April 14, 2014, Appellant Crystal Wey, without defining her relationship to the Decedent, filed a Petition for Letters of Administration in the Circuit Court for Davidson County (the "trial court"), seeking to open Decedent's estate. In her petition, Ms. Wey listed three heirs-at-law: Bryant Takashi Davis, Miles Takashi Davis, and Patrick D. Davis. Ms. Wey referred to these heirs-at-law as Decedent's sons and attached, to her petition, Patrick Davis' birth certificate, which listed Decedent as his father. By order of May 9, 2014, the hearing on the petition was continued "to enable heir-at-law Mr. Bryant Davis to retain legal counsel."

The hearing on Ms. Wey's petition was held on July 16, 2014. By order of July 16, 2014, the trial court opened the Estate of Patrick Takashi Davis (the "Estate," and together with Bryant Takashi Davis, "Appellees"). Peggy D. Mathes was named Administratrix for the Estate.

On July 21, 2014, before letters of administration were issued to Ms. Mathes, Ms. Wey filed two claims against the Estate. The first was on behalf of her minor son, Alejandro Yandel Wey, whom Ms. Wey claimed was Decedent's "surviving child" and rightful heir. The second claim was filed on behalf of Ms. Wey's other son, Miles Takashi Davis, whom she also claimed was Decedent's son and heir. Ms. Wey attached Miles' birth certificate to the claim filed on his behalf; Decedent is listed as Miles' father on the birth certificate. Ms. Wey did not file Alejandro's birth certificate with the trial court.

On July 23, 2014, the trial court issued Letters of Administration. On August 13, 2014, Ms. Mathes filed a petition to declare the Estate insolvent. Therein, she stated that the sole Estate asset was real property located in Nashville, Tennessee. Ms. Mathes averred that this real property, which was valued at $73,000 for tax purposes, vested in the Decedent's heirs-at-law at Decedent's death pursuant to Tennessee Code Annotated Section 31-2-103 ("The real property of an intestate decedent shall vest immediately upon death of the decedent in the heirs . . . ."). In her petition, Ms. Mathes also noted that the time for filing claims against the Estate had expired. Because the Estate was insolvent, Ms. Mathes asked that the real property be sold to provide funds for the payment of claims and the costs of

administration of the Estate.  Also, on August 13, 2014, Ms. Mathes filed an exception to the claims filed on behalf of Alejandro and Miles on the ground that Ms. Wey had failed to provide evidence proving that Decedent was the father of these children.  By agreed order of September 10, 2014, the hearing on the exceptions was continued for the purpose of procuring genetic testing to establish or disprove Decedent's paternity of Alejandro.

On September 24, 2014, the trial court ordered the real property sold at public auction to cover costs of administration.  In the meantime, DNA testing was performed, and the Decedent was excluded as Alejandro's father. Consequently, on or about October 1, 2014, Ms. Wey filed a notice of nonsuit as to Alejandro's claim against the Estate, and on October 9, 2014, the trial court entered an order of voluntary dismissal as to Alejandro's claim.

On October 8, 2014, Ms. Wye filed a petition for declaratory judgment establishing heirship.  In her petition, Ms. Wey argued, in relevant part, that

> 11. Petitioner had previously included Bryant T. Davis and Patrick D. Davis with service of documents as potential heirs-at-law of the Decedent, however neither party had established or even made a claim of Heirship against the estate within one year of the Decedent's death. There are no persons other than those mentioned interested in this proceeding.
>
> 12. Under Tennessee law, any child born out of wedlock must make a claim against the estate by establishing paternity by clear and convincing proof within one year from the date of death of the decedent:
>
> > A child born out of wedlock, whose paternity was not adjudicated prior to the death of the father, can establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims against the estate and by establishing paternity by clear and convincing proof.
>
> ***Bilbrey v. Smithers***, 937 S.W.2d 803, 808 (Tenn.1996). Subsequent to ***Estate of Tanner***, the Court observed "[a]s evidenced by the language of Tenn. Code Ann. § 30-2-307(a)(1)(B) and § 30-2-310, claims not filed within twelve months of the decedent's death are barred*.*" *In re Estate of Snapp*, No. E2009-00551—00A—R3CV, 2010 WL 1924017, at \*4 (Tenn. Ct. App. May 13, 2010); *see also **Diggs v. Carter***, 2014 WL 2016609, at \*3 (Tenn. Ct. App, May 15, 2014).
>
> 13. To be adjudicated a lineal descendant under Tennessee intestacy law, a

child born out of wedlock who did not establish paternity prior to the putative father's death, must prove paternity by clear and convincing evidence. See TENN. CODE ANN § 31-2-105(2)(B); *Majors v. Smith*, 776 S.W.2d 538, 540 (Tenn. Ct. App. 1989); *see also* *Muse v. Sluder*, 600 S.W.2d 237 (Tenn. Ct. App. 1980) . . . .

14. Here, only the Heir, Miles Takashi Davis, has fully complied with the requirement of filing his Claim of Heirship within one year of the decedent's death, and has provided clear and convincing evidence to support his claim. To Petitioner's knowledge, Bryant T. Davis and Patrick D. Davis have provided no evidence whatsoever as to their heirship, aside from having the same last name as the Decedent, and have made no effort to file a claim of heirship in this matter. As such, Petitioner asks that this court issue a declaratory judgment that Miles Takashi Davis is the sole heir of the Estate of Patrick Davis.

By order of November 19, 2014, the trial court allowed Ms. Wey to amend her Petition for Letters of Administration to omit Appellee and Patrick Davis as Decedent's heirs-at-law and to list Miles as the Decedent's sole heir-at-law. On January 22, 2015, Ms. Mathes filed the birth certificates of Patrick Davis and Bryant Davis. Both birth certificates list Decedent as the father.

Ms. Wey's petition for declaratory judgment was heard by the trial court on February 23, 2015. By order of June 5, 2015, the trial court held, in pertinent part, that:

1. Miles Davis, a minor, is a rightful Heir-at-Law of the Decedent pursuant to his birth certificate and Parentage Order from the Davidson County Juvenile Court.

2. Patrick D. Davis presented evidence of a birth certificate that listed the Decedent as his father, however this evidence was overcome by sworn testimony by his mother which established that Patrick D. Davis has no biological or legal relationship to the Decedent, and therefore is not an Heir-at-Law of the Decedent.

3. Despite objection by counsel for the Claimant, this Court has determined that Bryant Davis, pursuant to his presentation of a birth certificate listing the Decedent as his father, is a rightful Heir-at-Law of the Decedent.

On March 25, 2015, Ms. Wey filed a motion to alter or amend the trial court's judgment, along with a memorandum of law in support thereof. By her motion, Ms. Wey asked the court to reconsider its ruling that Bryant Davis was Decedent's heir-at-law by virtue of the fact that Decedent was listed as Bryant's father on his birth certificate. On May 20, 2015, Ms. Mathes filed a response in opposition to the motion to alter or amend, wherein she argued, *inter alia*, that a voluntary acknowledgment of paternity executed in conjunction

- 4 -

with Decedent's name being listed as the father on Bryant's birth certificate constitutes a legal finding of paternity for purposes of intestate succession.

On May 22, 2015, Ms. Wey filed a motion requesting an amended inventory of the Estate. Therein, she claimed that there was personalty remaining in the Estate. The disputed property allegedly included personal and household items that were left inside Decedent's home, and a vehicle, the whereabouts of which were unknown. In response, on August 29, 2014, Ms. Mathes filed an inventory, wherein she listed the real property and a "67 Chevy Truck (whereabouts unknown, not in possession of Administrat[rix])." On June 12, 2015, the trial court entered an order regarding the Estate property, wherein it held that "there remains no personal property belonging to the decedent at his death, but Bryant Davis shall be charged with the sum of $1,300 to be deducted from his share of the residuary estate for the proceeds of the sale of vehicles belonging to the [D]ecedent and the value of the truck still in his possession." Following a hearing on June 26, 2015, the trial court entered an order denying Ms. Wey's motion to alter or amend.

## II. Issues

Ms. Wey appeals. She raises three issues for review as stated in her brief:

I. Whether the trial court erred in finding a presumption existed that a child born out of wedlock is an heir-at-law to their purported father's estate based solely on a birth certificate voluntarily acknowledged by the Decedent purported father, and where Decedent purported father had falsely acknowledged paternity on a birth certificate in the past.

II. Whether the court erred in allowing Bryant Davis to late-file a birth certificate thereby effectively extending the statutory claim period beyond one year in order to allow Bryant Davis to claim heirship in Decedent's estate.

III. Whether the court erred in finding that Appellant listing Bryant Davis as an heir on the initial Petition for Letters of Administration relieved Bryant Davis from the requirement [of] asserting heirship against the Estate within one year of the Decedent's date of death, and despite Appellant having later properly amended the Petition removing Bryant Davis.

## III. Standard of Review

We note at the outset that the record in this case does not contain a transcript; however, there is a Tennessee Rule of Appellate Procedure 24(c) Statement of the Evidence. This case was tried without a jury. Accordingly, we review the findings of fact made by the

- 5 -

trial court *de novo*, with a presumption of correctness unless the preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are reviewed de novo and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

To the extent that the question of Appellee's heirship requires this Court to interpret Tennessee's paternity statutes, we are guided by the familiar rules of statutory construction. "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." ***Owens v. State***, 908 S.W.2d 923, 926 (Tenn. 1995) (citing ***State v. Sliger***, 846 S.W.2d 262, 263 (Tenn.1993)). "The text of the statute is of primary importance." ***Mills v. Fulmarque***, 360 S.W.3d 362, 368 (Tenn. 2012). A statute should be read naturally and reasonably, with the presumption that the legislature says what it means and means what it says. *See* ***BellSouth Telecomm'ns., Inc. v. Greer***, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997).

## IV. Analysis

It is undisputed that the *res* of Decedent's Estate consists of only real property. Tennessee Code Annotated Section 31-2-103 provides that "[t]he real property of an intestate decedent shall vest immediately upon death of the decedent in the heirs as provided in § 31-2-104." In its June 26, 2015 order denying Appellant's motion to alter or amend the trial court's ruling on her petition for declaratory judgment, the trial court found, in relevant part:

> 2. The Court finds that the question of law is whether the Court can presume a person is an heir-at-law based solely on the production of a birth certificate signed by the Decedent father.
> 3. The Court finds that the acknowledgement of paternity contained within. the birth certificate creates a rebuttable presumption of parentage. Such an acknowledgement exists in this matter, as the decedent's name is listed on Bryant Davis' birth certificate.
> 4. The acknowledgement of paternity is governed by T.C.A. § 24-7-113(a), where it states "[a] voluntary acknowledgement of paternity...shall constitute a legal finding of paternity on the individual named as the father of the child in the acknowledgement, subject to rescission as provided in subsection (c). The acknowledgement, unless rescinded pursuant to subsection (c), shall be conclusive of that father's paternity without further order of the court."
> 5. The Court notes that this statute was probably written with child support in mind, and the Court notes that determining parentage for the purposes of child support is distinguishable from determining parentage for the purposes of heirship.
> 6. The Court finds, however, that the acknowledgement of paternity is

conclusive of the father's paternity without further orders of the court, and is thusly an adjudication as considered by T.C.A.§ 31-2-103(a)(2)(B).

A copy of Bryan Davis' birth certificate is included in the appellate record. The birth certificate indicates that Bryant Davis was born on March 8, 1992 at the Centennial Medical Center in Nashville. As found by the trial court, Decedent is listed as Bryant's father on the birth certificate. Furthermore, Decedent's surname is listed as Bryant's surname on the birth certificate. At the time of Bryant's birth, Tennessee Code Annotated Section 68-3-302 of the Vital Records Act of 1977, provided, in relevant part, that:

> (a) When a birth occurs in an institution . . . the person in charge of the institution or such person's designated representative shall obtain the personal data, prepare the certificate, secure the signatures required by the certificate and file it with the office of vital records . . . within the required ten (10) days.

Tenn. Code Ann. §68-3-302 (1992)

It is undisputed that Bryant was born out of wedlock; it is also undisputed that Decedent is listed as the father on Bryant's birth certificate, and Decedent's surname is listed as Bryant's surname. At the time of Bryant's birth, Tennessee Code Annotated Section 68-3-305(b) provided, in relevant part, that:

> (b)(1) If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth and the surname of the child shall be that of the legal surname of the mother. All information pertaining to the father shall be omitted.
> (2) If affidavits of both parents acknowledging paternity on a form provided by the state registrar are submitted at the time of registration of the birth, then legal surname of the father may be entered on the certificate as that of the child and the father's name and other personal information may be entered in the spaces provided on the certificate, notwithstanding the absence of a marriage relationship between the parents.

Tenn. Code Ann. § 68-3-305(b) (1992).

Importantly, Appellant does not contest the validity of Appellee's birth certificate, nor does she dispute that the birth certificate was procured according to the procedures outlined in sections 68-3-302 (1994) and 68-3-305(b) (1994). Accordingly, in order for Decedent to be listed as the father on Bryant's birth certificate, Decedent would have completed an affidavit acknowledging his paternity; otherwise, according to the statutory scheme, the

- 7 -

"father" information on Bryant's birth certificate would have been omitted. Therefore, we conclude that Decedent completed an affidavit acknowledging paternity in conjunction with his name being listed as Bryant's father on the birth certificate.

As set out in its June 26, 2015 order, *supra*, the trial court relied on Tennessee Code Annotated Section 24-7-113 in reaching its conclusion that Decedent's acknowledgment of paternity in relation to Bryant's birth certificate constitutes a "legal finding of paternity." Tennessee Code Annotated Section 24-7-113 provides, in pertinent part:

> (a) A voluntary acknowledgement of paternity which is completed under the provisions of . . . § 68-3-302 or 68-3-305(b) shall constitute a legal finding of paternity on the individual named as the father of the child in the acknowledgment, subject to rescission . . . .
>
> (b)(1) A voluntary acknowledgement of paternity which is completed under the provision of . . .§ 68-3-302 . . . when certified by the state registrar or other governmental entity maintaining the record of acknowledgment . . . shall be a basis for establishing a support order without requiring further proceedings to establish paternity.
> (2) An acknowledgment of paternity executed as described in subdivision (b)(1) shall be entitled to full faith and credit in any judicial or administrative proceeding in this state.
> (3) No judicial or administrative proceedings are required, nor shall any such proceedings be permitted, to ratify an unchallenged acknowledgement of paternity in order to create the conclusive status of the acknowledgement of paternity.

Tennessee Code Annotated Section 24-7-113 did not become effective until July 1, 1994, which was approximately two years after Bryant's birth. Act of May 10, 1994, ch. 988, sec. 1, 1994 Tenn. Pub. Acts 988   However, from the time of its enactment, Tennessee Code Annotated Section 24-7-113 referenced Tennessee Code Annotated Section 68-3-305(b), which was in existence in 1992 when Bryant was born. Although, at the time of Bryant's birth, section 68-3-305(b)(2) referred to "affidavits . . . acknowledging paternity," in direct response to the 1994 enactment of Tennessee Code Annotated section 24-7-113, the Legislature changed the language of Tennessee Code Annotated Section 68-3-305(b) as follows:

> Tennessee Code Annotated, Section 68-3-305(b), is amended by deleting subdivision (2) in its entirety and by substituting and adding the following language:
> (2)(A) If an original, sworn acknowledgement signed by both the mother and

the biological father of a child on a form provided by the state registrar or the Department of Human Services is submitted to the office of vital records, at any time prior to the child's 19th birthday, the legal surname of the father may be entered on the certificate as that of the child and the father's name and other personal information may be entered in the spaces provided on the birth certificate, notwithstanding the absence of a marriage relationship between the parents of the child.

(B) The acknowledgement form shall be in the form of an affidavit, shall be approved by the state registrar and the Department of Human Services and shall contain a written explanation of the benefits, rights, and responsibilities of establishing paternity of a child and shall contain in a distinct portion a provision for the putative father to acknowledge under oath his receipt and understanding of these rights and responsibilities and in a further separate distinct portion it shall contain a provision for an optional sworn waiver of the right to request parentage tests under § 24-7-112.

Act of May 10, 1994, ch. 988, sec. 12, § 68-3-305, 1994 Tenn. Pub. Acts 988. Although, in its 1994 amendment to section 68-3-305(b), the Legislature did not use the specific term "voluntary acknowledgment of paternity" that it used in section 24-7-113, it is clear that the Legislature intended the "sworn acknowledgment" or "affidavit" contemplated in section 68-3-305(b) to receive the legal status of a section 24-7-113 voluntary acknowledgment of paternity. Semantics aside, we can only conclude that, with the enactment of section 24-7-113, those "affidavits" that had previously been executed under section 68-3-305(b) were given the status of voluntary acknowledgments of paternity constituting a "legal finding of paternity" and were "entitled to full faith and credit in any judicial . . . proceeding." Tenn. Code Ann. §§ 24-7-113(a) and (b)(1). In this regard, the trial court's analysis is correct: the "affidavit . . . acknowledging paternity" that Decedent would have executed, under section 38-3-305(b) (1992), in order for his name to appear on Bryant's birth certificate would "constitute a legal finding of paternity" after the enactment, in 1994, of section 24-7-113.

Section 24-7-113 provides that after sixty days from the execution of a voluntary acknowledgment of paternity, it may only be challenged on the basis of "fraud, whether extrinsic or intrinsic, duress, or material mistake of fact," and that challenge must be made within five years of the date the voluntary acknowledgment of paternity was executed. Tenn. Code Ann. § 24-7-113(e). After five years have elapsed from the date of the execution of the voluntary acknowledgment of paternity, the voluntary acknowledgment of paternity may only be challenged under a fraud theory. *Id*. Appellant has not alleged fraud in the procurement of the voluntary acknowledgment of paternity. In the absence of any allegation of fraud, and in the absence of any proof of rescission on the part of Decedent, Bryant's birth certificate constitutes a "legal finding of [Decedent's] paternity" pursuant to Tennessee Code Annotated Section 24-7-113(a).

Appellant challenges Bryant's paternity by arguing that, as a child born out of wedlock, Bryant was required to file a claim against the Estate in order to inherit. In support of her argument, Appellant relies on the case of **Bilbrey v. Smithers**, 937 S.W.2d 803 (Tenn. 1996). The **Bilbrey** case, however, is distinguishable from the instant appeal in that **Bilbrey** involved "a child born out of wedlock, whose paternity was not adjudicated prior to the death of the father . . . ." **Id**. at 808. In **Bilbrey**, the Tennessee Supreme Court held that if a child's paternity was not adjudicated prior to the father's death, then that child could only "establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims against the estate and by establishing paternity by clear and convincing proof." **Id**. Although Appellant's brief states that "[p]er *Bilbrey* **any** child born out of wedlock seeking to claim a portion of the putative father's estate must first assert a right against the estate . . .," the **Bilbrey** holding does not apply to **any** child, but only to those children born out of wedlock, "whose paternity was not adjudicated prior to the death of the father." **Id**. Here, under the paternity statutes referenced above, Appellee's paternity was established by the Decedent being listed as the father on Bryant's birth certificate. Accordingly, Bryant was not required to file a claim against the Estate. Rather, at the time of Decedent's death, Bryant was already an heir-at-law pursuant to his birth certificate. Therefore, Bryant's portion of the Estate, which consists of only real property, vested in him immediately upon Decedent's death. Tenn. Code Ann. § 31-2-103.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed against the Appellant, Crystal Wey and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE